MK

**RECEIVED**

JAN 0 6 2012
JAN 06 2012
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Roshon Markell Pike

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

~~_____~~

Detective John Foster Star # 20238

Officer Marchand Wright Star # 3164

Officer Lester Vaughan Star # 17244

Officer ISAURA Carmona # 9914

_____

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

**12 C 0094**
**Judge Edmond E. Chang**
**Magistrate Judge Nan R. Nolan**

**RECEIVED**

JAN 0 6 2012

THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

**CHECK ONE ONLY:**

X      **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
       **U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
         **28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  **Plaintiff(s):**

   A.   Name: Reshon Markell Pike

   B.   List all aliases: Lil Sean / Robert Pike / Dulal Polo /

   C.   Prisoner identification number: R32728

   D.   Place of present confinement: Stateville Correctional Center N.R.C.

   E.   Address: Joliet, Illinois, 60434, P.O. Box # 112

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**

   (In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

   A.   Defendant: John Foster

   Title: Detective / Peace Officer

   Place of Employment: 63rd loomis / District 7 / Chicago Police Department

   B.   Defendant: Marchand Wright

   Title: Peace Officer

   Place of Employment: 63rd loomis / District 7 / Chicago Police Department

   C.   Defendant: Lester Vaughan

   Title: Peace Officer

   Place of Employment: 63rd loomis / District 7 / Chicago Police Department

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                    Revised 9/2007

Defendant: Isaura Carmona

Title: Peace Officer

Place of Employment: 63rd Loomis / District 7/Chicago Police Department

III.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.     Name of case and docket number: __N/A__

B.     Approximate date of filing lawsuit: __N/A__

C.     List all plaintiffs (if you had co-plaintiffs), including any aliases: __N/A__

D.     List all defendants: __N/A__

E.     Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): __N/A__

F.     Name of judge to whom case was assigned: __N/A__
        __N/A__

G.     Basic claim made: __N/A__

H.     Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): __N/A__

I.      Approximate date of disposition: __N/A__

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.     Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

On the date of 12/29/10 Victims involved in Case # 1KR0148705 gave a description of 3 persons black males, wearing all black, 2 persons carrying handguns, while 3rd person was carrying 12 gauge Shotgun. Peace officers "allegedly" Canvassed the area and "Illegally Seized" me as a detainment (See exhibit A). After a "Stop and Frisk" which turned up empty, officers disregarded this one fact and placed me into handcuffs and the (Squad car) (See exhibit A) and took me back to the crime Scene where a Show up identification took place that resulted in a positive identification (See exhibit B). After Show up identification was done officer Marchand Wright read me my miranda rights at the address of 418 W Englewood. (See Exhibit C) I was taken to the Police Station on 63rd Loomis District 7 where an interrogation took place until around 3:00 a.m. on 12/30/10 at around the time of 3:42 a.m. On the date of 12/30/10 detectives of (District 7) alleged to A.m.s. falsely that Defendant Pike had 2 Co-defendants in Custody (See exhibits D/E). At this False information a parole hold was Placed upon defendant and Police report was filed (See exhibit B)

Revised 9/2007

40 minutes after defendant was arrested firearms where found at the address of 6306 or 6308 (See exhibits F/G/H/I and the defendant charged with these guns because of alleged victims Statement even though officers witnessed Pike turn on this block and stopped him at 6302 which is ahead of where firearms where found. (See exhibit #) Throughout this investigation officers have placed Pike in ownership of firearms falsely with the allegations that one being a 9mm S/N 171709SA was Stollen and that Pike was the owner without any bill of Sale (See exhibit #) also a 12 gauge S/N MV1619 which was reported clear (See exhibit #) Although "No" fingerprints where found on Crime Scene or firearms (See Exhibit #) A D.N.A was done on these guns to determine if Pike was for certain the owner. (See exhibit K/L/████)

On the date of 1/20/11 Detective John Foster  Star # 20288 Of the violent Crimes Unit located at District 7 testified to the grand jury that there was an investigation done other than alleged victims Statement was recorded and Pike was arrested. (See exhibit M) Where defendant alleged that "Supposed investigation" revealed" that Pike had Committed these crimes and Clearing officers of (Malicious Prosecution, Fraud, Defamation of Character, Harassment, and Perjury). (See exhibits "All")

Revised 9/2007

On the date of 2/10/11 Assistant States Attorney Attila Bogdan revealed that D.N.A was found from Firearms and requested that Pike Submit Saliva for analyzing. (See exhibit N) See Exhibit O) which are the results returned on the date of 10/19/11. ("See exhibits P/Q/R/S)

All men are by nature free and independent and have certain inherent and alienable rights among which are "life, liberty, and pursuit of happiness." To Secure these rights and the protection of property, governments and instituted among men, deriving them just powers from the Consent of the Governed.

The Police are a branch of this form in which article I Section I of the Illinois Constitution Speaks of. To ask a persons words without any Supportive evidence to pursuade a municipal officers "professional decision" with their mere word is unjust and prejudicial to any human beings "happiness, life, and liberty in which the Constitution and municipal officers are Sworn to uphold.

5

Revised 9/2007

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including names, dates, and places.  **Do not give any legal arguments or cite any cases or statutes.**  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

No person shall be deprived of life, liberty or property without due process of the law. nor be denied the equal protection of the law.

Article I section II of the Illinois Constitution speaks of these rights and actions however, they are being deprived to those of an less standing in the community by our backgrounds in which we have repayed to society. All evidence shows these facts, but the least of all is through exhibits "C" and "D" where officers knowingly disregarded any evidence in the "alleged investigation" to forego their prejudicial insight and knowingly falsified documentation to take justice in their hands and gave and passed off false information to insure probable cause.

Article I Section 12 of the Illinois Constitution:
Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely and promptly.

4

Revised 9/2007

To knowingly falsify any information is to commit a fraud not only to the case in which you are prosecuting; but also to the office in which you are sworn to represent. To proceed upon information that was alleged upon but not followed through by the swearing upon of an affidavit and complaint form is to give the illusion of your first hand knowledge instead of the actuality of Hearsay and Speculation. Also is to deny the alleged victim the remedy that is promised within Article 12. Also is prejudicial to hold someone incarcerated under false pretense and the abuse of power that was given under oath to protect and serve.

Article I Section 8 Illinois Constitution:

In criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusations and have a copy thereof; to meet the witnesses face to face and to have process to compel the attendance of witnesses in his behalf; and to have a speedy public trial by "an impartial jury of the County in which the offense is alleged to have been committed.

5

Revised 9/2007

To Committ false documentation on the record from false evidence from Standings of "alleged Prejudicial investigation". By the Statement of "was revealled" is to deny any chance of an impartial trial or prosecution through the malicious intent from the actions Of prejudicial Standing and malicious prosecution resulting from the abuse and lack of professional decisions. Also is to deny a person the liberty, and their rights through the Seperations of powers in which gives them a chance to a "fair" trial by judge and jury.

Revised 9/2007

**V.** **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I am Seeking monetary Retribution in the amount of $1,000,000 for the prejudicial indifferences I have suffered along with malicious prosecution, fraud, Perjury, Defamation of Character, Slander, and harassment for the events and dates mentioned.

**VI.** The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

### CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __December__ day of ___21___, 20 __11__

_____Rashon Pike_____
(Signature of plaintiff or plaintiffs)

_____Rashon Pike_____
(Print name)

_____R32728_____
(I.D. Number)

Stateville Correctional Center N.R.C.

Joliet, Ill, 60034, P.O. Box# 112
(Address)

6                                            Revised 9/2007

To whom this may concern:

Although, this case may still be pending the evidentiary and discovery period is over. My claims are not basing off of the conclusion of this case although in order to insure the 8th amendment to the Illinois Constitution, the right to an fair and impartial trial and proceedings all issues must be taken into account such as my claims, which are given merrit through the findings of Randall v Lemke and the stature of malicious prosecution which wasn't permitted to be stated although these are Supreme court Rulings. The proof that is needed is within your reach which was poscribed by myself. Many Citizens are found guilty on a regular basis wrongfully although, the guvernment fails to reach the requirement which States beyond reasonable doubt. Are there any just lawyers? If so how are we found guilty? Given an appeal and written off as if justice has been served. This lawsuit is to protect myself against the vendictive people who are involved within this case. State's Attorney have immunity! Which is why they do some of the most illegal things. Like prejudicial Continuances to hold people in Custody. I only see myself as protecting me and the Supreme Courts. Please Review issue

Sincerely
Rashon Pite

Exhibit A 

McFadden 'seized' Terry and whether and when he conducted a 'search.' There is some suggestion in the use of such terms as 'stop' and 'frisk' that such police conduct is outside the purview of the Fourth Amendment because neither action rises to the level of a 'search' or 'seizure' within the meaning of the Constitution.FN12 We emphatically reject this notion. It is quite plain that the Fourth Amendment governs 'seizures' of the person which do not eventuate in a trip to the station house and prosecution for crime-'arrests' in traditional terminology. It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person. And it is nothing less than sheer torture of the English language to suggest that a careful exploration of the outer surfaces of a person's clothing all over his or her body in an attempt to find weapons is not a 'search,' Moreover, it is simply fantastic to urge that such a procedure *17 performed in public by a policeman while the citizen stands helpless, perhaps facing a wall with his hands raised, is a 'petty indignity.'FN13 It is a serious intrusion upon the sanctity of the person, which may inflict great indignity and arouse strong resentment, and it is not to be undertaken lightly. FN14

FN12. In this case, for example, the Ohio Court of Appeals stated that 'we must be careful to distinguish that the 'frisk' authorized herein includes only a 'frisk' for a dangerous weapon. It by no means authorizes a search for contraband, evidentiary material, or anything else in the absence of reasonable grounds to arrest. Such a search is controlled by the requirements of the Fourth Amendment, and probable cause is essential.' State v. Terry, 5 Ohio App.2d 122, 130, 214 N.E.2d 114, 120 (1966). See also, e.g., Ellis v. United States, 105 U.S.App.D.C. 86, 88, 264 F.2d 372, 374 (1959); Comment, 65 Col.L.Rev. 848, 860 and n. 81 (1965).

FN13. Consider the following apt description:'(T)he officer must feel with sensitive fingers every portion of the prisoner's body. A through search must be made of the prisoner's arms and armpits, waistline and back, the groin and area about the testicles, and entire surface of the legs down to the feet.' Priar & Martin, Searching and Disarming Criminals, 45 J.Crim.L.C. & P.S. 481 (1954).

FN14. See n. 11, supra, and accompanying text.We have noted that the abusive practices which play a major, though by no means exclusive, role in creating this friction are not susceptible of control by means of the exclusionary rule, and cannot properly dictate our decision with respect to the powers of the police in genuine investigative and preventive situations. However, the degree of community resentment aroused by particular practices is clearly revelant to an assessment of the quality of the intrusion upon reasonable expectations of personal security caused by those practices.

Exhibit B

349k37 k. Nature and Source of Information in General; Suspicion or Conjecture. Most Cited Cases
(Formerly 349k3.3(1))

In justifying particular intrusion, police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion; facts must be judged against objective standard of whether facts available to officer at moment of seizure or search would warrant man of reasonable caution in belief that action taken was appropriate.

[19] KeyCite Citing References for this Headnote

92 Constitutional Law
    92VII Constitutional Rights in General
        92VII(A) In General
            92k1050 k. In General. Most Cited Cases
            (Formerly 92k83(1))

Intrusions upon constitutionally guaranteed rights must be based on more than inarticulate hunches, and simple good faith on part of officer is not enough.

[20] KeyCite Citing References for this Headnote

35 Arrest
    35II On Criminal Charges
        35k63.5 Investigatory Stop or Stop-And-Frisk
            35k63.5(2) k. Necessity for Cause for Arrest. Most Cited Cases
            (Formerly 268k188)

Police officer may in appropriate circumstances and in appropriate manner approach person for purposes of investigating possible criminal behavior even though there is no probable cause to make arrest.

[21] KeyCite Citing References for this Headnote

35 Arrest
    35II On Criminal Charges
        35k63.5 Investigatory Stop or Stop-And-Frisk
            35k63.5(3) Grounds for Stop or Investigation
                35k63.5(3.1) k. In General. Most Cited Cases
                (Formerly 35k63.5(3), 268k188)

"Exhibit C"

**REPORT — CHICAGO POLICE**

| 1. OFFENSE/INCIDENT — PRIMARY CLASSIFICATION | 2. SECONDARY CLASSIFICATION | | | RD No. |
|---|---|---|---|---|
| ROBBERY | ARMED: HANDGUN | UCR OFF. CODE 031A | | HS-681752 |

2. ADDRESS OF OCCURRENCE: 418 W. ENGLEWOOD

LOCATION OF PREMISE WHERE OFFENSE OCCURRED (GIVE NAME OF LOCATION IF APPLICABLE): RESIDENCE PORCH

APT. NO. HSE

| 5. FIRE RELATED | 6. DATE OF OCCURRENCE | TIME |
|---|---|---|
| YES / NO | 29 DEC 10 | 2233 |

7. ASSIGNED BY: 711 · 764A

9. DATE R.D. ARRIVED: 29 DEC 10 · 2240 · ON VIEW

27. OCCUPATION: CUSTODIAN

28. TIME AVAIL.: ANY

Beat 1498255.

**All information, descriptions and statements in this entire report are approximations or summarizations unless indicated otherwise.**

21. NAME (LAST–FIRST–M.I.): CREATER–WILLIE J

22. HOME ADDRESS: 418 W. ENGLEWOOD

| 23. SEX–RACE–AGE CODE | | |
|---|---|---|
| M | 1 | 52 |

RACE CODES: 1-BLACK 2-WHITE

41. OFFENDER'S NAME (OR DESCRIBE CLOTHING, ETC)

NAME: TAYLOR–GERDINE — 42. HOME ADDRESS: 418 W. ENGLEWOOD

| | | |
|---|---|---|
| F | 1 | 52 |

PIKE–RASHON M — 11929 S. LOWE

| | | |
|---|---|---|
| M | 1 | 25 |

BLACK HOODY, BLACK PANTS — UNK

| | | |
|---|---|---|
| M | 1 | 20-25 · 509 |

Race/Hair/Eyes/Height/Weight: BLACK / BRN / BRN / 508 / 172 · DRK BLK MED · 160

**NONE — GANGSTER DISCIPLE**

SEE NARRATIVE

**NARRATIVE:**

EVENT# 16403 OFFENDER NUMBER THREE: BLACK HOODY, BLACK PANTS, BLACK SHOES; M/1/20-25; 5'09-170lbs.
IN SUMMARY VICTIM RELATED THAT UPON RETURNING HOME FROM PICKING HIS WIFE (WITNESS) UP FROM WORK HE WAS GATHERING SOME
PERSONAL BELONGINGS FROM HIS VEHICLE WHICH WAS PARKED IN FRONT OF HIS RESIDENCE (418 W. ENGLEWOOD). VICTIM FURTHER RELATED
THAT UPON ENTERING THE GATE LOCATED AT THE FRONT OF HIS RESIDENCE HE WAS APPROACHED BY THREE MALE BLACKS FROM BEHIND
THAT ALL THREE OFFENDERS WERE HOLDING GUNS AND FORCIBLY PUSHING THE GUNS AGAINST THE VICTIMS CHEST WHILE DEMANDING

UNIT NOTIFIED: R/B/T · PERSON: SGT. DCD. #1554 · 29 DEC 10 · 2249

OFFICER NOTIFYING: L. CARMONA

BEAT 4414 — M. WRIGHT — STAR NO. 3164

REPORTING OFFICER (PRINT): VAUGHAN · L. CARMONA · STAR NO. 8974 / 6914

APPROVED BY: C. BROWN · #42 · 30 DEC 10 · 1753

I.D. NO.
HS- 681752

THE VICTIM WALK UP THE STEPS AND ENTER HIS RESIDENCE. THE VICTIM SAID "NO" VERY LOUDLY SEVERAL TIMES HOPING THAT HIS WIFE
...D WALK TO THE FRONT DOOR AND OBSERVE WHAT WAS HAPPENING. THE VICTIMS WIFE (WITNESS) HEARD THE COMMOTION OUTSIDE AND IMMEDIATE...
...ED THE FRONT DOOR AND CALLED 911. VICTIM STATES THAT AFTER HIS WIFE LOCKED THE FRONT DOOR ONE OF THE THREE OFFENDERS ATTEMPT...
...ENTER THE RESIDENCE BUT LEARNED THAT THE DOOR WAS LOCKED, AFTER ATTEMPTING TO ENTER THE RESIDENCE THE OFFENDERS WALKED OFF OF
PORCH, GRABBED A BAG THAT THE VICTIM WAS CARRYING WHICH CONTAINED MISC. TOOLS AND TWO JACKETS, AND FLED THE SCENE RUNNING
...BOUND ONE ENGLEWOOD ST. A/O's WRIGHT#3164, VAUGHAN#17244 and CARMONA#9914 MONITORED A FLASH MESSAGE SENT BY BEAT 4415B
...TOURED THE AREA ADJACENT TO THE DIRECTION OF FLIGHT. A/O's OBSERVED THE ABOVE OFFENDER RUNNING NORTHBOUND ON PARNEL FROM 63r..
...E. A/O's IMMEDIATELY DETAINED THE ABOVE OFFENDER AND RELOCATED TO THE ADDRESS OF OCCURRENCE. THE ABOVE VICTIM POSITIVELY
...NTIFIED THE ABOVE OFFENDER AS ONE OF THE THREE OFFENDERS THAT ROBBED HIM MINUTES BEFORE A/O's ARRIVAL (POSITIVE SHOW-UP 2253)
...ENDER WAS PLACED INTO CUSTODY AT 2253hrs AND ADVISED MIRANDA BY P.O. WRIGHT#3164 AT 2323hrs.
VICTIM ALSO RELATED THAT THE ABOVE OFFENDER WAS IN POSSESION OF A CHROME SEMI-AUTOMATIC HANDGUN WHEN HE FLED THE SCENE.
...IDENCE TECHNICIAN RECOVERED A SHOTGUN AND 9MM WHICH WAS LOCATED AT 6306 S. PARNELL BY P.O. ROTH#12916. E.T DEVAN#3871 BT.5814

(5) MISC. TOOLS and TWO JACKETS ESTIMATED VALUE $40 U.S.C

...ESTING OFFICERS: M. WRIGHT #3164
L. VAUGHAN #17244
I. CARMONA #9914

...ISTING OFFICERS: BEAT 4435 SGT. STANKUS #2422, BEAT 4435A ROTH #12916, BARNES#18835, URBANSKI #6323
BEAT 4415B BASTLE #8724, KIM #16109, IRONOPOULOUS #9785

(Exhibit D)

ILLINOIS DEPARTMENT OF CORRECTIONS
## Parole Violation Report

2010-1230154
5-D-2

Pike, Rashon

Offender's Name                                                                                      B32728
                                                                                                      IDO

## Section B: Notice of Charges of Alleged Parole or Mandatory Supervised Release Violations

You are hereby notified that, as detailed on this form, you are charged with having committed the following violations of your conditions of Parole or Mandatory Supervised Release Agreement:

☒ 1. Violation of any criminal statute.

☒ 2. Possession of a firearm or other dangerous weapon.

☐ 3. Failure to report to your agent.

☐ 4. Failure to permit your agent to visit at home, employment, or elsewhere as determined necessary.

☐ 5. Failure to attend or reside in a facility established for the instruction or residence of persons on parole or mandatory supervised release.

☐ 6. Failure to secure permission before visiting or writing a committed person in a Department facility.

☐ 7. Failure to report all arrests to an agent as soon as permitted by the arresting authority but in no event later than 24 hours after release from custody.

☐ 8. Failure to obtain permission of your agent before leaving the State of Illinois.

☐ 9. Failure to obtain permission of your agent before changing your residence or employment.

☐ 10. Failure to consent to search of your person, property, or residence under your control.

☐ 11. Use or possession of narcotics or other controlled substances in any form, or both, or any paraphernalia related to those substances, or failure to submit to a urinalysis test as instructed.

☐ 12. Frequenting places where controlled substances are illegally sold, used, distributed, or administered.

☐ 13. Knowingly associating with other persons on parole or mandatory supervised release without prior written permission of your agent or knowingly associating with persons who are members of an organized street gang.

☐ 14. Failure to provide true and accurate information, relating to your adjustment in the community while on parole or mandatory supervised release or to your conduct while incarcerated, in response to inquiries by your agent.

☐ 15. Failure to follow any specific instructions provided by your agent, specifically: _____

☐ 16. Failure to comply with the following additional conditions of release: _____

You are entitled to a Preliminary Parole/Mandatory Supervised Release Violation Hearing before a neutral Hearing Officer to determine whether or not probable cause exists that you did commit one or more of the violations checked above. You may appear and speak on your own behalf at this hearing and you may retain an attorney to represent you at the hearing. You may present evidence to rebut the charges and you may make a written request in advance of the hearing to present witnesses who can provide relevant information or to question adverse witnesses. If probable cause on any new criminal charge is determined by the court prior to the hearing date, you are not entitled to a preliminary hearing.

Your preliminary hearing is now scheduled to be held on: 01-12 20 11 at 9:00 ☒ a.m. ☐ p.m.

at CCJ - Div (5)

Note: If probable cause is found at the preliminary parole revocation hearing, you may request the hearing officer recommend to the Prisoner Review Board that the parole violation warrant be withdrawn pending a final parole revocation hearing.

As an alternative to the scheduled hearing, you may exercise one of the following options by initialing the appropriate box:

☐ Initials    A. Postpone: I request that my preliminary hearing be postponed for up to 30 days from today's date to permit me to obtain an attorney, witnesses, or documents. I understand that it is my responsibility to present these individuals or materials at my hearing on:

☐ Initials    B. Waive (Illinois Offenders Only): I elect to waive my preliminary hearing with the understanding that I will be afforded a full avocation hearing before the Prisoner Review Board or Parole Board. This waiver does not indicate any admission of guilt to the above violations. _____ 20 _____ at _____ ☐ a.m. ☐ p.m.

☐ Initials    C. Waive (Adult Interstate Compact Only): I admit guilt and waive my preliminary hearing.

I have received a copy of this Notice of Charges:

Rashon Pike
Offender's Signature                                    on    1, 4, 11
                                                              Date

A copy of this notice was delivered to the alleged violator by:

BClark

BClark                                                  CSPM
Print Name                                              Title

Signature                                               on    1, 4, 11
                                                              Date

Distribution: Offender; Releasing Authority; Offender's Case File;
Parent Field Services Representative; AMS;
Hearing Officer; if POS, Interstate Compact

Page 4

Printed on Recycled Paper

DOC 0071 (Rev 12/2006)

ILLINOIS DEPARTMENT OF CORRECTIONS
## Parole Violation Report

**Section A: Violation Details**

Offender: Pike, Rashon                                    Alias:                                    IDD: R32728

Parent Facility: Centralia CC                                    Date of Birth: 12/04/1986

Program released to: Regular Supervision                    Level of Supervision: R1

Gender: ☒Male ☐Female  Race: ☐Caucasian ☒African American ☐Asian ☐Hispanic ☐Native American ☐Other

FBI#: 411532WB1                    I.R.#: 1498255                    CCJ#: 20101230154

Release Date: 10/01/2010          Sentence Exp. Date: 10/03/2010          Violation Date: 12/29/2010

Custody Facility: Cook County Jail                    Custody Date: 12/30/2010

Offense(s): Armed Robbery / Robbery With Firearm (Shotgun and 9mm)

IDOC Warrant #: WT 1014900                    Date Warrant Issued: 12/30/2010

Parolee Pike, Rashon # R32728 is currently on parole for the following offenses that all (w/mittimus offenses) Current Mittimus is Burglary and previous mittimus, Manu/Del 01-15 gr Cocaine and PCS and was incarcerated from 08/28/2008 to 10/01/2010. The most recent parole violation(s) for which this warrant was issued/is being requested follows (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) :

On December 30, 2010 at approximately 3:34 AM, AMS received a Law Enforcement Call from CPD (District 7) stating that Parolee Pike was arrested for armed robbery. AMS was informed that Parolee Pike and two co-defendants were arrested and identified at the scene as the armed robbers. Two firearms were used during the robbery and recovered by CPD, one shotgun and one 9mm pistol. No injuries reported. Parolee Pike was placed into custody and transported to CPD District 7 for processing. Parolee Pike was later transported to Cook County Jail, # 20101230154. He has a court date scheduled for January 7, 2010 and a bail / bond amount of $300,00.00. Parolee Pike is in violation of his MSR Agreement Rule # 1, Violation of a criminal statute and Rule # 2, Possession of a firearm.

Information from the arrest report stated that on December 29, 2010 at approximately 10:22 PM at the residence of 6302 S. Parnell, Chicago IL, CPD responded to a robbery call and were informed by the victims (husband and wife) that Parolee Pike and two co-defendants robbed them at gunpoint and stole one black bag containing misc tools. The report stated that the victims were entering their home when Parolee Pike and the two co-defendants approached them from behind with weapons. The report stated that Pike and his co-defendants attempted to push the victims through the door and stated, "Get In The House," "Get In The House." "Shoot Him If He Doesn't Go In." The report further stated that once inside the house, the defendants told the victims, "Give Me What You Got." All three defendants fled the house after taking the black bag. Parolee Pike and his two co-defendants were apprehended and the weapons used in the robbery were recovered by CPD. Parolee Pike and his two co-defendants were positively identified by the victims, placed into custody and transported to CPD for processing.

**List all Arrests or Alleged Parole/Mandatory Supervised Release Violations or sanctions and the date of occurrence other than those in the above section** (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information) : I Clear was reviewed and a leads inquiry was conducted with negative results of any additional arrests. There was an incident on 12/6/10 involving Parolee Pike and his child's mother. AMS

Distribution: Offender; Releasing Authority; Offender's Case File;
Parent Field Services Representative; AMS;
Hearing Officer; If FOS, Interstate Compact

Page 1

Printed on Recycled Paper

DOC 0077 (Rev 12/2006)

ILLINOIS DEPARTMENT OF CORRECTIONS
## Parole Violation Report

received a call from Pike's ex, stating that Pike failed to return their daughter home after a weekend visit. Reporting agt investigated the incident. Parolee Pike kept the daughter past the return date after giving the child a birthday party. Parolee was seen by rpt agent and instructed to return his daughter to the mom which he did the following date.

Answer the following questions only if the offender has absconded:

Is this an instant absconder? ☒ No ☐ Yes          Offender has been an absconder since (support in your narrative):

Did the offender make any contacts to AMS while an absconder? ☐ No ☐ Yes          If yes, dates of contacts:

Community Adjustment:

Answer the following questions or provide the required information for all parolees:

Prior parole terms/dates: Pike was admitted into Stateville on 9/3/04 and paroled out of Western Ill on 11/4/04; he was admitted into Stateville on 9/16/05 and paroled out of Logan on 10/6/06.

Offender currently resides with: (include description of others living with the parolee, such as wife, children, girlfriend, parents. It is mandatory to list any children under 18 living in the home, age, and the relationship of the parolee to those children.) Debra Pike, Cousin at 11839 S. Lowe, Chicago IL.

Where was the offender's approved host site? Jack Clark  Can the offender return to this host site? ☐ No  ☐ Yes

If no, state why and  also what other host site options does the offender have? Unknown

Offender was employed at time of arrest/alleged violation with:          for          week(s)          month(s)          year(s).

Did the offender attend school at time of arrest/alleged violation? ☒ No ☐ Yes  If yes, level of education:

Special conditions for substance abuse and/or mental health and/or other programming by PRB or MSR Rule 15 (List each special condition, MSR Rule 15, referrals provided and date, and follow-up by agent. Specify the name and type of treatment program, where it was provided, if they had been attending regularly and if there were any progress reports - attach reports) : Drug Counseling

Current and prior housing, substance abuse and/or mental health issues (include incarceration information if available) :

Does parolee have:

| Does parolee have: | Yes | No | Unknown | | Yes | No | Unknown |
|---|---|---|---|---|---|---|---|
| State ID | ☐ | ☒ | ☐ | Driver's License | ☐ | ☒ | ☐ |
| Birth Certificate | ☐ | ☐ | ☒ | Social Security Card | ☐ | ☒ | ☐ |

If parolee does not have a valid State ID or Driver's License, list the referral dates for identification assistance: Parolee was given referrals for his state id on 10/3/10.

Offender attending or enrolled in sex offender treatment with (provider): |  at (address):          for (length of time and progress - attach progress notes):

Is this current arrest or alleged violation a sex related offense? ☒ No ☐ Yes          Relationship to victim:

List the offender's overall successes that will assist in providing support upon re-entry to the community:

☐ Supportive Immediate Family System
☐ Supportive Friends/Extended Relatives System
☐ Supportive Community Resources (List) :
☐ Employable Skills (List) :
☒ Unknown

Agent's Narrative for Community Adjustment and Complete Case Management Background (mandatory for all cases, including new arrests and cases of mandatory warrant issuance): Pike was recently released on 10/1/10 and has committed a serious offense of armed robbery.  He has demonstrated that he lacks responsibility and knowingly and intentionally violated the law.

Agent's Institutional and Release Recommendation:

Is diversion recommended for this parolee ? ☒ No ☐ Yes          Support your recommendation using the three (3) diversion criteria : He's a danger to his community; no suitable host site and no suitable sanctions to apply.

Recommended changes to current PRB orders and justification: n

Recommended time to be served and justification: none

Other recommendations and justification: none

Distribution: Offender; Releasing Authority; Offender's Case File; Parent Field Services Representative; AMS; Hearing Officer; if FOS, Interstate Compact

Page 2

Printed on Recycled Paper

DOC 0071 (Rev 12/2006)

ILLINOIS DEPARTMENT OF CORRECTIONS
## Parole Violation Report

Attachments: ☐ Sanction Form   ☐ Police Report   ☐ Other (specify):

I hereby declare under the penalty of perjury that the foregoing description of alleged violations made by me in this violation report is true and correct to the best of my knowledge and belief.

E. Hamilton _____   C71 _____   *E. Hamilton* _____   02/03/2011 ____
Print Parole Agent's Name          No.          Parole Agent's Signature          Date

Supervisor Comments (if any - supervisor must specifically review the diversion review recommendation and concur/non-concur): I concur with this agent.

C. Dumas _____   B66 _____   *Clarence R Dumas Jr* _____   ____
Print Parole Supervisor's Name    02/03/2011    Supervisor's Signature    Date
                                   No.

Section B: Notice of Charges must be completed at the same time this section is completed

(EXHIBIT E)

Fraud: (a) (piece of) dishonesty:

EXHIBIT

**PROPERTY INVENTORY - NO.**
**CHICAGO POLICE DEPARTMENT**
CPD-34.523 (REV. 10/09)

INV NO 12209245

PKG NO. 2490590

RD HS681752

RE-INVENTORY OF:

UNIT 477

INVENTORY NO.
12209245

DATE RECOVERED
30-DEC-2010

| ITEM ID | QUANTITY | DESCRIPTION OF PROPERTY |
|---|---|---|
| 4628577 | 1 | FIREARM : 1) MAN: MAVERICK 2) MOD: 88 4)12 GA.5) PUMP SHOTGUN.6) BAR LEN: APP 16 IN.7) FIN: BLUE. REC. FROM THE SNOW. S/N: MV1619 |
| 4628578 | 1 | BULLET / AMMO / MA : XPERT STEEL SHOT 2 3/4 IN-1-6 WINCHESTER 12 GA SHOT SHELL RECOVERED FROM MAVERICK PUMP SHOTGUN. |

COMMENTS: EV #1036317035. VICTS: TAYLOR, GERALDINE F/1/52; CREATER, WILLIE M/1/53. SEND TO FB/LP/FA GUN DESK. CLEAR- NOT
REGISTERED PER MONTOMERY #5856 @0145HRS.

$ INVENTORY AMT

MY SIGNATURE HEREON ACKNOWLEDGES
RECEIVING ALL PROPERTY DESCRIBED
IN THIS INVENTORY

RECIPIENTS SIGNATURE
X

ADDRESS - STREET

CITY                STATE         ZIP

DATE RECEIVED

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

$ DEPOSITED AMT

OFFICER'S SIGNATURE -  STAR - UNIT
X

WATCH COMDR.'S APPROVAL SIGNATURE
(EXEMPT RANK REQUIRED FOR FIREARMS)
X

Court Date

Court Branch

COURT ORDER - DISPOSAL INSTRUCTIONS

CURRENCY:

| IUCR: 031A | ROBBERY ARMED: HANDGUN | CHARGE TYPE: | | |
|---|---|---|---|---|
| STATE CHARGES: | | INCHOATE: | | |

RECOVERED/SEIZED FROM - NAME
☐ DECEASED  ☐ ARRESTED

BEAT OF RECOVERY
722

AT  6306 S PARNELL AVE
CHICAGO, IL 60621

OWNER'S NAME

ADDRESS

TELEPHONE NO.

JUDGE                    CT.BR.

SEE COPY 4 FOR NOTICE TO FINDER

FOUND BY - NAME
☐ CHECK IF
    C.P.D.

ADDRESS

TELEPHONE NO.

OFFICER'S SIGNATURE -   STAR      UNIT
X

E. & R.P.S USE ONLY

| C H E C K | ☒ HOLD FOR INVESTIGATION AND/OR EVIDENCE (IF NOT NEEDED FOR INVESTGATION/EVIDENCE, LEAVE BLANK) | INVESTIGATING OFFICER - DEVAN, BRIAN | STAR NO. 3871 | UNIT 477 | 1st OFFICER'S NAME DEVAN, BRIAN | STAR NO. 3871 |
|---|---|---|---|---|---|---|
| O N E | ☐ PROPERTY AVAILABLE FOR RETURN TO OWNER | | | | SIGNATURE Electronic Approval | UNIT 477 |
| | ☐ TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED) (THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER IS UNKNOWN) | | | | 2nd OFFICER'S NAME | STAR NO. |

INITIAL DESTINATION OF PROPERTY:
FORENSIC SERVICES SECTION

SIGNATURE
Electronic Approval

UNIT

| VIA | ☒ POLICE MAIL ☒ E.& RPS PICKUP | RECOVERING UNIT PERSONNEL ☒ EVID./LAB TECHNICIAN | APPROVING DESK SERGEANT GREER, CHERYL | STAR NO. 1516 | DATE 30-DEC-2010 | TIME 02:52 |
|---|---|---|---|---|---|---|

Created by: PC0U830

**COPY 1 - KEEP WITH PROPERTY**

"Exhibit G"

**PROPERTY INVENTORY - NO.**
**CHICAGO POLICE DEPARTMENT**
CPD-34.523 (REV. 10/09)

INV NO **12209242**

PKG NO. **2490587**

RD NO. **HS681752**

UNIT **477**

RE-INVENTORY OF:

INVENTORY NO. **12209242**

DATE RECOVERED **30-DEC-2010**

### DESCRIPTION OF PROPERTY

| ITEM ID | QUANTITY | |
|---|---|---|
| 4628572 | 1 | FIREARM : MAN:ASTRA,2)MOD NAME:A-100 INOX,4)9MM,5) SEMI-AUTO PISTOL,6)BARR LTH: APPROX 4 IN.7)FIN:NICKEL,RECOV. FROM THE SNOW. S/N: 17170- 95A |
| 4628573 | 1 | BULLET / AMMO / MA : DARK COLORED 17 CAPACITY ASTRA 9MM GUN MAGAZINE. |
| 4628574 | 17 | BULLET / AMMO / MA : 9MM LUGER CBC LIVE CART, CASES RECOVERED FROM ASTRA 9MM MAGAZINE. |

COMMENTS: EV #103B317035, VICTS: TAYLOR, GERALDINE F/1/62, CREATER, WILLIE M/1/53. SEND TO F&L/PFA, GUN DESK:=NOT REGISTERED=BUT STOLEN, NICH 271846462 PER MONTGOMERY #5858 @ 0145 HRS.

$ INVENTORY AMT
$ DEPOSITED AMT

Court Date

Court Branch

CURRENCY:

### EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY

IUCR: **031A**    ROBBERY ARMED: HANDGUN    CHARGE TYPE:    INCHOATE:

STATE CHARGES:

RECOVERED/SEIZED FROM - NAME

☐ DECEASED    ☐ ARRESTED

AT **6306 S PARNELL AVE CHICAGO, IL 60621**    BEAT OF RECOVERY **722**

OWNER'S NAME    ADDRESS    TELEPHONE NO.

FOUND BY - NAME    ADDRESS    TELEPHONE NO.
SEE COPY 4 FOR NOTICE TO FINDER

| | | | INVESTIGATING OFFICER - NAME DEVAN, BRIAN | STAR NO. 3871 | UNIT 477 | 1st OFFICER'S NAME DEVAN, BRIAN | STAR NO. 3871 |
|---|---|---|---|---|---|---|---|

☒ HOLD FOR INVESTIGATION AND/OR EVIDENCE (IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK)

SIGNATURE **Electronic Approval**    UNIT 477

☐ PROPERTY AVAILABLE FOR RETURN TO OWNER

2nd OFFICER'S NAME    STAR NO.

☐ TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED) (THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER IS UNKNOWN)

SIGNATURE **Electronic Approval**    UNIT

INITIAL DESTINATION OF PROPERTY:
FORENSIC SERVICES SECTION

APPROVING DESK SERGEANT GREER, CHERYL    STAR NO. 1516    DATE 30-DEC-2010    TIME 02:52

VIA ☒ POLICE MAIL  ☐ RECOVERING UNIT PERSONNEL  ☐ E.& R.P.S PICKUP  ☐ EVID./LAB TECHNICIAN

**COPY 1 - KEEP WITH PROPERTY**

Created by: PC0U830

---

MY SIGNATURE HEREON ACKNOWLEDGES RECEIVING ALL PROPERTY DESCRIBED IN THIS INVENTORY

RECIPIENTS SIGNATURE
X

ADDRESS - STREET

CITY    STATE    ZIP

DATE RECEIVED

OFFICER'S SIGNATURE -    STAR - UNIT
X

WATCH COMDR.'S APPROVAL SIGNATURE (EXEMPT RANK REQUIRED FOR FIREARMS)
X

COURT ORDER - DISPOSAL INSTRUCTIONS

CT. BR.

JUDGE

E. & R.P.S USE ONLY

OFFICER'S SIGNATURE -    STAR    UNIT
X

Printed by: IL01ISAAMB  08-FEB-2011 15:58

HS681752

...CAGO POLICE DEPARTMENT
...ASE SUPPLEMENTARY REPORT (Exhibit H)

Case id : 7868074
Sup id : 8519799     CASR339

...0 S. Michigan Avenue, Chicago, Illinois 60653
...use by Chicago Police - Bureau of Investigative Services Personnel Only)

| ...ast Offense Classification/Re-Classification | IUCR Code | Original Offense Classification | | | IUCR Code |
|---|---|---|---|---|---|
| ROBBERY / Armed: Handgun | 031A | ROBBERY / Armed: Handgun | | | 031A |
| ...ddress of Occurrence | Beat of Occur | No of Victims | No of Offenders | No of Arrested | SCR No |
| ...18 W ENGLEWOOD AVE | 711 | 1 | 3 | 1 | |
| ...ocation Type | Location Code | Secondary Location | | | Hate Crime |
| Residence Porch/Hallway | 289 | | | | No |
| ...ate of Occurrence | Unit Assigned | Date RO Arrived | Fire Related? | Gang Related? | Domestic Related? |
| 29-DEC-2010 22:33 | 0765 | 29-DEC-2010 22:40 | NO | NO | NO |

| ...eporting Officer | Star No | Approving Supervisor | Star No | Primary Detective Assigned | Star No |
|---|---|---|---|---|---|
| PIEKARSKI-BLOCK, Nancy | 20683 | PIEKARSKI-BLOCK, Nancy | 20683 | FOSTER, John | 20288 |
| ...ate Submitted | | Date Approved | | Assignment Type | |
| 02-JAN-2011 13:47 | | 02-JAN-2011 13:48 | | FIELD | |

## ...HIS IS A FIELD INVESTIGATION METHOD/CAU CODE REPORT

**VICTIM(S):**      **CREATER, Willie J**          **TYPE:  Individual**

Male 53 Years
RES:  418 W Englewood Ave
Chicago  IL

BIRTH PL:  Illinois

SOBRIETY:  Sober

**SUSPECT(S)**      **BLACK HOODY, , Black Pants**

Male / Black / 20-25 Years
DESCRIPTION:  5'09, 160, Black Hair, Unknown Hair Style, Brown Eyes,
Medium Brown Complexion

RELATIONSHIP OF VICTIM TO OFFENDER:

CREATER, Willie J                    - No Relationship

ITEM USED:

Weapon

**BLACK HOODY,, Blk Pants, Blk Shoes**

Male / Black / 20-25 Years
DESCRIPTION:  5'09, 170, Black Hair, Unknown Hair Style, Unknown Eyes,
Medium Brown Complexion

RELATIONSHIP OF VICTIM TO OFFENDER:

CREATER, Willie J                    - No Relationship

ITEM USED:

Weapon

**OFFENDER(S)**      **PIKE, Rashon M**          **-- In Custody--**

HS681752
DETECTIVE SUP. APPROVAL COMPLETE



Male / Black / 25 Years
**DOB:** 04-DEC-1985
**DESCRIPTION:** 5'08, 172, Black Hair, Braids Hair Style, Brown Eyes, Dark Brown Complexion

**RES:** 11929 S Lowe Ave
Chicago IL

**BIRTH PLACE:** Illinois

**RELATIONSHIP OF VICTIM TO OFFENDER:**

CREATER, Willie J                                    - No Relationship

**ITEM USED:**

Weapon

**WEAPON(S):**     **INV#:** 12209242

**Displayed**

Astra --Sp-- (All Models), A-100, 9, Semi-Automatic Pistol, Chrome/Nickel

**SERIAL#:** 17170-95A

**OWNER:** Rashon Pike

**POSSESSOR/USER:** PIKE, RASHON M

**LOCATION FOUND:** 6306 S. PARNELL
Number Of Live Rounds present in the Firearm - 18
The Status Of This Firearm is STOLEN

**INV#:** 12209245

**Displayed**

Unknown Or Unpublished Gun Make Code--Unknown--, 88, 12, Shotgun, Unknown

**SERIAL#:** MV1619

**OWNER:** Unknown

**POSSESSOR/USER:** UNKNOWN

**LOCATION FOUND:** 6306 S. PARNELL
Number Of Live Rounds present in the Firearm - 1
The Status Of This Firearm is CLEAR

**LOCATION OF INCIDENT:**     418 W Englewood Ave
Chicago IL
289 - Residence Porch/Hallway

**DATE & TIME OF INCIDENT:**     29-DEC-2010 22:33

**METHOD CODE(S):**     Dna

**CAU CODE(S):**     Dna

**FIREARM(S) RECOVERED:**     **INV #:** 12209242
Astra --Sp-- (All Models), A-100, 9, Semi-Automatic Pistol, Chrome/Nickel

**SERIAL#:** 17170-95A

**OWNER:** Rashon Pike

**POSSESSOR/USER:** PIKE, RASHON M

**LOCATION FOUND:** 6306 S. PARNELL



HS681752
DETECTIVE SUP. APPROVAL COMPLETE

**RELATIONSHIP OF VICTIM TO OFFENDER:**

CREATER,  Willie    No Relationship

## **BLACK HOODY, , Black Pants**

Male / Black / 20 - 25 Years

**DESCRIPTION:**  5'09,160,Black Hair, Unknown Hair Style, Brown Eyes, Medium Brown Complexion

**ITEM USED:**
Weapon

**RELATIONSHIP OF VICTIM TO OFFENDER:**

CREATER,  Willie    No Relationship

**WEAPON(S):**

INV #:  **12209242**
**Displayed**
Astra --Sp-- (All Models) , A-100 , 9 , Semi-Automatic Pistol , 4 INCHES , Chrome/Nickel

**SERIAL #:**  17170-95A
Number Of Live Rounds present in the Firearm - 18
The Status Of This Firearm is Stolen

**OWNER:**  Rashon Pike
**POSSESSOR/USER:**  Pike, Rashon M
**LOCATION FOUND:**  6306 S. Parnell

INV #:  **12209245**
**Displayed**
Unknown Or Unpublished Gun Make Code--Unknown-- , 88 , 12 , Shotgun , 16 INCHES , Unknown

**SERIAL #:**  MV1619
**MAGAZINE CAPACITY:**  PUMP SHOTGUN
Number Of Live Rounds present in the Firearm - 1
The Status Of This Firearm is Clear

**OWNER:**  Unknown
**POSSESSOR/USER:**  Unknown
**LOCATION FOUND:**  6306 S. Parnell

**LOCATION OF INCIDENT:**

418 W Englewood Ave
Chicago IL
289 - Residence Porch/Hallway

**DATE & TIME OF INCIDENT:**  29-DEC-2010 22:33

**METHOD CODE(S):**  DNA

**CAU CODE(S):**  DNA

**FIREARM(S) RECOVERED:**

INV #:  **12209242**
Astra --Sp-- (All Models) , A-100 , 9 , Semi-Automatic Pistol , 4 INCHES , Chrome/Nickel

**SERIAL #:**  17170-95A

HS681752
DETECTIVE SUP. APPROVAL COMPLETE



**OWNER:**   Rashon Pike
**POSSESSOR/USER:**   Pike, Rashon M

**LOCATION FOUND:**  6306 S. Parnell
Number Of Live Rounds present in the Firearm - 18

**INV #:  12209245**
Unknown Or Unpublished Gun Make Code--Unknown-- , 88 , 12 , Shotgun ,
16 INCHES , Unknown
**SERIAL #:**  MV1619
**OWNER:**   Unknown
**POSSESSOR/USER:**   Unknown

**LOCATION FOUND:**  6306 S. Parnell
**MAGAZINE CAPACITY:**    PUMP SHOTGUN
Number Of Live Rounds present in the Firearm - 1

**PERSONNEL ASSIGNED:**    Detective/Investigator

FOSTER, John L                          # 20288
**Reporting Officer**

WRIGHT, Marchand                  # 3164          BEAT: 0765

**WITNESS(ES) :**          **TAYLOR, Gerdine**

**RES:**   418 W Englewood Ave
Chicago IL

**CRIME CODE SUMMARY:**     031A - Robbery - Armed: Handgun

**IUCR ASSOCIATIONS:**      031a - Robbery - Armed: Handgun

CREATER, Willie, J                                   ( Victim )
PIKE, Rashon, M                                       ( Offender )
TAYLOR, Gerdine                                       ( Witness )
PIKE, Rashon, M                                       ( Offender )
BLACK HOODY, , Black Pants                       ( Suspect )
CREATER, Willie, J                                   ( Victim )
TAYLOR, Gerdine                                       ( Witness )
BLACK HOODY, , Black Pants                       ( Suspect )
BLACK HOODY,, Blk Pants, Blk Shoes           ( Suspect )
CREATER, Willie, J                                   ( Victim )
BLACK HOODY,, Blk Pants, Blk Shoes           ( Suspect )
TAYLOR, Gerdine                                       ( Witness )

**REPORT DISTRIBUTIONS:**      No Distribution

---

"Exhibit I"

# CHICAGO POLICE DEPARTMENT
# EVENT QUERY

12-JUL-2011        PAGE

**Event #** 1036317035

| Type | Location | | Date | Pri | DG | Svc Beat Disp |
|---|---|---|---|---|---|---|
| ETECH3 | 6306 S PARNELL AV | | 29-DEC-2010 23:12:54 | 3B | CW2 | 0722 |
| Source | Response Level | Caller | | | | Phone |
| S | | TAYLOR | | | | |

Address of Occurrence

418 W ENGLEWOOD AV

Occ Beat
0711

### Event Chronology

| Date | Activity | Wkstn | Person | Text |
|---|---|---|---|---|
| 29-DEC-2010 23:12:54 | ENTRY | PDT96 | D548030 | Go to Card [ET3] |
| 29-DEC-2010 23:10:57 | ALERT | PDT96 | D548030 | Go to Card [ET3] |
| 29-DEC-2010 23:12:11 | ISIN | PDT96 | D548030 | 165 REQUESTING BEAT NUMBER? (4435) |
| 29-DEC-2010 23:12:16 | ISIN | PDT96 | D548030 | 167 RD# (HS 681 752) |
| 29-DEC-2010 23:12:54 | ISIN | PDT96 | D548030 | 168 Nature of the offense (ARMED ROBB) |
| 29-DEC-2010 23:12:54 | COPYF | PDT96 | D548030 | Copied From Event #CPD1036316483 |
| 29-DEC-2010 23:12:54 | COPYF | PDT96 | D548030 | Copied 4 remarks from Event #CPD1036316483 |
| 29-DEC-2010 23:14:12 | ALERT | PDT96 | D548030 | Go to Card [ET3] |
| 29-DEC-2010 23:16:02 | CHNG | PDT96 | D548030 | Remarks Entered;Triage Data Entered; |
| 29-DEC-2010 23:20:27 | DSP | PDT96 | | 5814 |
| 29-DEC-2010 23:25:31 | ACK | PMDT6312 | PC0U930 | 5814 |
| 29-DEC-2010 23:27:37 | ENR | PMDT6312 | PC0U930 | 5814 |
| 29-DEC-2010 23:27:31 | ALERT | PDT96 | D548030 | Go to Card [ET3] |
| 29-DEC-2010 23:28:00 | CHNG | PDT96 | D548030 | Triage Data Entered;Location: 6250 S NORMAL BL ==> 6306 S PARNELL AV;X Streets: 500 BL W 63RD ST/500 BL W ENGLEWOOD AV ==> 527 BL W 63RD PL/535 BL W 63RD ST;Atom: 711 ==> 722;RespArea: 711 ==> 722;RespGroup:711 ==> 722; |
| 29-DEC-2010 23:28:14 | CLOC | PDT96 | D548030 | 5814 [418 W ENGLEWOOD] |
| 29-DEC-2010 23:30:13 | ONS | PMDT6312 | PC0U930 | 5814 |
| 30-DEC-2010 00:15:10 | CLOC | PMDT6312 | PC0U930 | 5814 [6306 S PARNELL] |
| 30-DEC-2010 00:32:49 | CLOC | PMDT6312 | PC0U930 | 5814 [477]inv/rpts |
| 30-DEC-2010 07:10:44 | CLEAR | PDT102 | D304116 | 5814 |
| 30-DEC-2010 07:10:44 | CLOSE | PDT102 | D304116 | |
| | RMKS | | | *** WIRELESS CALL *** |
| | RMKS | | | FEMALE CALLER SAYS SOMEONE TRYING TO BREAK INTO HER HOUSE AND HER HUSBAND RAN OUT IN FRONT AND IS NOW CONFRONTING THE OFFENDERS NFI |
| | RMKS | | | 764a   positive on possible |
| | RMKS | | | weapons recovered at 6308 s parnell |
| | RMKS | | | *** Copy from #CPD1036316483 to |

"Exhibit J"

FILED
CR-400
SEP 12 2011
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
)
VS )  NO: 11 CR 1487
)
Rashon Pike )
)

## DISCOVERY RECEIPT

ITEM                                                          PAGES

CSPR                                                          8

DATED: _____  SIGNED: _____

Crime Scene Report 148731    Printed by PC0J178 on 09-AUG-2011 09:19                    Page 1 of 3

**CHICAGO POLICE DEPARTMENT**
**CRIME SCENE PROCESSING REPORT**
3510 South Michigan Avenue
Chicago, Illinois 60653
(for use by Chicago Police Department Personnel Only)



Report No.: **148731**
Incident: **RD HS681752**
Event No.: **1036317035**
Status: **APPROVED**

Report No.: **148731**  Incident: **RD HS681752**  Event No.: **1036317035**  Unit Assigned (Beat): **5814**  ME No.:
IUCR: **031A ROBBERY ARMED: HANDGUN**
Assignment Type: **CRIME SCENE**  Requested By **764A**
No Service: **NO**  ERT Assignment: **NO**  Secured: **YES**
Date / Time Received: **29-DEC-2010 23:20**  Arrived: **29-DEC-2010 23:30**  Completed: **30-DEC-2010 04:30**
Address of Service **418 W ENGLEWOOD AVE**  CHICAGO, IL  **BEAT: 0711**
Address of Incident **418 W ENGLEWOOD AVE**  CHICAGO, IL  **BEAT: 0711**
Associated Incidents

## Investigating Officers and Technicians

Evidence Technician **DEVAN, BRIAN**  Star No: **3871**  Unit: **477**
Officer  **KIM, ALEXANDER**  Star No: **16109**  Unit: **153**

## Involved People

| Name | Sex | Race | Age D.o.B. | IR No. CB No. |
|------|-----|------|-----------|---------------|
| Victim **CREATER, WILLIE** | **MALE** | **BLACK 53** | | |
| Victim **TAYLOR, GERALDINE** | **FEMALE** | **BLACK 52** | | |
| Known Arrestee **PIKE , RASHON M** | **MALE** | **BLACK 25** | **04-DEC-1985** | **18045987** |

## Inventories

| Inventory No. | Property Type | Investigating Officer |
|---------------|---------------|----------------------|
| **12209225** | BIOLOGICAL | DEVAN, BRIAN J |
| **12209227** | BIOLOGICAL | DEVAN, BRIAN J |
| **12209242** | Various | DEVAN, BRIAN J |
| **12209245** | Various | DEVAN, BRIAN J |

## Inventory Items

| Inventory No. | Item ID | Qty | Property Type | Description |
|---------------|---------|-----|---------------|-------------|
| 12209225 | 4628543 | 1 | BIOLOGICAL | SWAB BOX: TWO COTTON SWABS CONT. BIOGICAL EVIDENCE REC. FROM SERRATED/ROUGH SURFACES OF MAVERICK 12 GA PUMP SHOTGUN. |
| 12209227 | 4628550 | 1 | BIOLOGICAL | SWAB BOX: TWO COTTON SWABS CONT. BIOLOGICAL EVIDENCE REC. FROM THE SERRATED/ROUGH SURFACES OF 9MM ASTRA HANDGUN. |
| 12209242 | 4628572 | 1 | FIREARM | MAN:ASTRA.2)MOD NAME: A-100 INOX.4)9MM.5) SEMI-AUTO PISTOL.6)BARR LTH: APPROX 4 IN.7)FIN:NICKEL.RECOV. FROM THE SNOW. |
| 12209242 | 4628573 | 1 | BULLET / AMMO / MAGAZINE | DARK COLORED 17 CAPACITY ASTRA 9MM GUN MAGAZINE. |
| 12209242 | 4628574 | 17 | BULLET / AMMO / MAGAZINE | 9MM LUGER CBC LIVE CART. CASES RECOVERED FROM ASTRA 9MM MAGAZINE. |
| 12209245 | 4628577 | 1 | FIREARM | 1) MAN: MAVERICK.2) MOD: 88 4)12 GA.5) PUMP SHOTGUN.6) BAR LEN: APP 16 IN.7) FIN: BLUE. REC. FROM THE SNOW. |
| 12209245 | 4628578 | 1 | BULLET / AMMO / MAGAZINE | XPERT STEEL SHOT 2 3/4 IN-1-6 WINCHESTER 12 GA SHOT SHELL RECOVERED FROM MAVERICK PUMP SHOTGUN. |

Crime Scene Report 148731      Printed by PC0J178 on 09-AUG-2011 09:19                    Page 2 of 3

## Firearms

| Inventory No. | Gun Type | Description | Serial No. | Officer's Weapon | Comments |
|---|---|---|---|---|---|
| 12209242 | HANDGUN | MAN:ASTRA.2)MOD NAME: A-100 INOX.4)9MM.5) SEMI-AUTO PISTOL.6) BARR LTH: APPROX 4 IN.7) FIN:NICKEL.RECOV. FROM THE SNOW. | 17170-95A | No | GUN WAS RECOVERED WITH THE HAMMER COCKED AND NO BULLET IN THE CHAMBER. |
| 12209245 | SHOTGUN | 1) MAN: MAVERICK.2) MOD: 88 4)12 GA,5) PUMP SHOTGUN.6) BAR LEN: APP 16 IN.7) FIN: BLUE. REC. FROM THE SNOW. | MV1619 | No | ONE SHOT SHELL WAS RECOVERED FROM THE CHAMBER. |

## Crime Scene Photos

Crime Scene Video Exists NO

| Photo Type | Media Type | Scale Used | Photo Description |
|---|---|---|---|
| OVERALL | DIGITAL | | N/B FRONTAL VIEW OF RES. FROM STREET. |
| OVERALL | DIGITAL | | N/B VIEW TOWARDS FRONT GATE ENT. AND RES. |
| OVERALL | DIGITAL | | FRONTAL VIEW OF RES. |
| CLOSE UP | DIGITAL | | 418 ON TOP OF IRON GATE. |
| BOTH (OVERALL/CLOSE UP) | DIGITAL | | VIEW FROM IRON GATE TOWARDS RES. |
| OVERALL | DIGITAL | | VIEW FROM RES. SIDEWALK INSIDE GATE TOWARDS FRONT OF RES. |
| BOTH (OVERALL/CLOSE UP) | DIGITAL | | FRONT SECURITY DOOR FROM PORCH. |
| BOTH (OVERALL/CLOSE UP) | DIGITAL | | KNOB AND BEAD BOLT ON FRONT SECURITY DOOR. |
| OVERALL | DIGITAL | | VIEW S/B FROM FRONT PORCH FROM DOOR. |
| OVERALL | DIGITAL | | VARIOUS VIEWS FROM FRONT PORCH S/B. |
| OVERALL | DIGITAL | | INTERIOR VIEW OF INNER FRONT DOOR. |
| CLOSE UP | DIGITAL | | INT . VIEW OF KNOB AND DEAD BOLT AREA OF INNER DOOR. |
| OVERALL | DIGITAL | | S/B INTER. VIEW TOWARDS FRONT DOOR. |
| OVERALL | DIGITAL | | INTER. VIEW OF INNER DOOR FROM FRONT ROOM. |
| CLOSE UP | DIGITAL | | VIEW OF DAMAGE TO FRONT INNER DOOR AROUND THE LOCK AREA. |
| BOTH (OVERALL/CLOSE UP) | DIGITAL | | DAMAGE TO THE UPPER LOCK AREA OF DOOR JAMB FOR THE INNER DOOR. |
| CLOSE UP | DIGITAL | | 418 ON FRONT OF RES. |
| OVERALL | DIGITAL | | STREET SIGNS DESIGNATING 63RD PL AND PARNELL. |
| BOTH (OVERALL/CLOSE UP) | DIGITAL | | W/B VIEW OF WEAPONS ON THE FRONT LAWN SNOW ON THE S/SDE OF THE RES. AT 6306 S. PARNELL. |
| OVERALL | DIGITAL | | VIEW FROM FRONT LAWN OF RES. TOWARDS WEAPONS. |
| CLOSE UP | DIGITAL | | SIGN DESIGNATING 6306. |
| OVERALL | DIGITAL | | WEAPONS ON THE SNOW. |
| BOTH (OVERALL/CLOSE UP) | DIGITAL | | WEAPONS ON THE FRONT LAWN SNOW. |
| OVERALL | DIGITAL | | E/B VIEW DOWN SIDE OF RES. TOWARDS WEAPONS. |

Crime Scene Report 148731      Printed by PC0J178 on 09-AUG-2011 09:19                    Page 3 of 3

**BOTH**
**(OVERALL/CLOSE UP)**  **DIGITAL**      **N/B VIEW TOWARDS WEAPONS.**

**Involved Vehicles**
None

**Narrative**

   In summary, r/t was requested to process an armed robbery scene. R/t upon arrival, spoke to PO Kim #16109 and vict. #2, and was advised of the scene. R/t examined the attempted p.o. entry ( front door to res. ) and other disturbed areas. R/t processed ext. front inner door of res. with w/b powder, no suitable r/i's recovered. Front security door was contaminated due to rain and handling. R/t took the above photographs completing the scene at 0015 hrs.

   R/t then relocated to 6306 S. Parnell to photograph and recover weapons arriving at 0018 hrs. R/t upon arrival, spoke to bts. 4435,4435A,4415B and was advised of the scene. R/t recovered the above inv. property and took the above photographs. R/t returned to unit 477 for further processing, inv. and report typing.

Submitted by **DEVAN BRIAN J** Star No **3871** on **30-DEC-2010 04:30**
Approved by **GREER CHERYL** Star No **1516** on **30-DEC-2010 04:31**

Exhibit K

**PROPERTY INVENTORY - NO.**
**CHICAGO POLICE DEPARTMENT**
CPD-34.523 (REV. 10/09)

INV NO 12209227

**INVENTORY NO.**
12209227

| DATE RECOVERED | PKG NO. | RD NO. | UNIT |
|---|---|---|---|
| 30-DEC-2010 | 2490572 | HS681752 | 477 |

RE-INVENTORY OF:

**DESCRIPTION OF PROPERTY**

BIOLOGICAL : SWAB BOX: TWO COTTON SWABS CONT. BIOLOGICAL EVIDENCE REC. FROM THE SERRATED/ROUGH SURFACES OF 9MM ASTRA HANDGUN.

| ITEM ID | QUANTITY | IUCR |
|---|---|---|
| 4628550 | 1 | 031A |

CHARGE TYPE: ROBBERY ARMED: HANDGUN

INCIDATE:

BEAT OF RECOVERY 312

COMMENTS: EV #1036317035, VICTS: TAYLOR, GERALDINE F/1/52, CREATER, WILLIE M/1/53, SEND TO FBI

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

$ DEPOSITED AMT

$ INVENTORY AMT

MY SIGNATURE HEREON ACKNOWLEDGES
RECEIVING ALL PROPERTY DESCRIBED
IN THIS INVENTORY
X

RECIPIENTS SIGNATURE
X

ADDRESS - STREET

| CITY | STATE | ZIP |
|---|---|---|

OFFICER'S SIGNATURE - STAR - UNIT
X

WATCH COMDR.'S APPROVAL SIGNATURE
(EXEMPT RANK REQUIRED FOR FIREARMS)
X

DATE RECEIVED

COURT ORDER - DISPOSAL INSTRUCTIONS

**STATE CHARGES:**

RECOVERED/SEIZED FROM - NAME
☐ DECEASED ☐ ARRESTED

OWNER'S NAME

ADDRESS

ADDRESS

AT 6355 S WENTWORTH AVE
CHICAGO, IL 60621

TELEPHONE NO.

CURRENCY:

| Court Date | |
|---|---|
| Court Branch | |

INVESTIGATING OFFICER -
DEVAN, BRIAN

| STAR NO. | UNIT |
|---|---|
| 3871 | 477 |

1st OFFICER'S NAME
DEVAN, BRIAN

| STAR NO. | UNIT |
|---|---|
| 3871 | 477 |

SIGNATURE
Electronic Approval

2nd OFFICER'S NAME

SIGNATURE
Electronic Approval

STAR NO.

UNIT

**INITIAL DESTINATION OF PROPERTY:**
FORENSIC SERVICES SECTION

FOUND BY - NAME

☐ CHECK IF
C.P.D.

☒ HOLD FOR INVESTIGATION
AND/OR EVIDENCE
(IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK)

☐ PROPERTY AVAILABLE FOR RETURN TO
OWNER

☐ TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED)
(THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER IS UNKNOWN)

TELEPHONE NO.

JUDGE

CT.BR.

SEE COPY 4 FOR NOTICE TO FINDER

E. & R.P.'S USE ONLY

OFFICER'S SIGNATURE - STAR UNIT
X

**VIA**
☒ POLICE MAIL
☐ E & RPS PICKUP

☐ RECOVERING UNIT PERSONNEL
☐ EVID/LAB TECHNICIAN

APPROVING DESK SERGEANT
GREEN, CHERYL

| STAR NO. | DATE | TIME |
|---|---|---|
| 1516 | 30-DEC-2010 | 02:51 |

☐ "**XXX 120**"

**COPY 1 - KEEP WITH PROPERTY**

Created by: PC0U930

✓EXHIBIT #1

**PROPERTY INVENTORY - NO.**
**CHICAGO POLICE DEPARTMENT**
CPD-34.523 (REV. 10/09)

INVENTORY NO. **12209225**

| INV NO. | **12209225** | PKG NO. | **2490569** | UNIT | **477** |
|---|---|---|---|---|---|
| | | RD NO. | **HS681752** | | |

RE-INVENTORY OF:

**DATE RECOVERED**
30-DEC-2010

| ITEM ID | QUANTITY |
|---|---|
| 4628543 | 1 |

**DESCRIPTION OF PROPERTY**

BIOLOGICAL : SWAB BOX: TWO COTTON SWABS CONT. BIOGICAL EVIDENCE REC. FROM SERRATED/ROUGH SURFACES OF MAVERICK 12 GA PUMP SHOTGUN.

**COMMENTS:** EV #10-8317035, VICTS: TAYLOR, GERALDINE F/H/52, CREATER, WILLIE M/H/53, SEND TO FB

**IUCR:** 031A

**ROBBERY ARMED: HANDGUN**

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

CURRENCY:

Court Date

Court Branch

$ DEPOSITED AMT

$ INVENTORY AMT

RECOVERED/SEIZED FROM - NAME
☐ DECEASED ☐ ARRESTED

STATE CHARGES:

OWNER'S NAME

ADDRESS

ADDRESS

CITY    STATE    ZIP

**MY SIGNATURE HEREON ACKNOWLEDGES RECEIVING ALL PROPERTY DESCRIBED IN THIS INVENTORY**

RECIPIENT'S SIGNATURE
X

ADDRESS - STREET

FOUND BY - NAME
☐ CHECK IF
C.P.D.

DATE RECEIVED

OFFICER'S SIGNATURE - STAR - UNIT
X

WATCH COMDR'S APPROVAL SIGNATURE
(EXEMPT RANK REQUIRED FOR FIREARMS)
X

☒ HOLD FOR INVESTIGATION
AND/OR EVIDENCE
(IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK)

| INVESTIGATING OFFICER - DEVAN, BRIAN | STAR NO. 3871 | UNIT 477 |
|---|---|---|

JUDGE

CT.BR.

☐ PROPERTY AVAILABLE FOR RETURN TO OWNER

| 1st OFFICER'S NAME DEVAN, BRIAN | STAR NO. 3871 | UNIT 477 |
|---|---|---|

SIGNATURE
Electronic Approval

COURT ORDER - DISPOSAL INSTRUCTIONS

☐ TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED)
(THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER IS UNKNOWN)

| 2nd OFFICER'S NAME | STAR NO | UNIT |
|---|---|---|

SIGNATURE
Electronic Approval

**CHARGE TYPE:**
INCHOATE:

BEAT OF RECOVERY
312

TELEPHONE NO.

SEE COPY 4 FOR NOTICE TO FINDER

* INITIAL DESTINATION OF PROPERTY:
**FORENSIC SERVICES SECTION**

| APPROVING DESK SERGEANT GREER, CHERYL | STAR NO. 1516 |
|---|---|

SIGNATURE
Electronic Approval

| DATE 30-DEC-2010 | TIME 02:51 |
|---|---|

OFFICER'S SIGNATURE - STAR - UNIT
X

E. & R.P.S USE ONLY

**VIA**
☒ POLICE MAIL
☐ E & RPS PICKUP
☐ RECOVERING UNIT PERSONNEL
☐ EVID./LAB TECHNICIAN

**RECOVERING UNIT PERSONNEL**

**COPY 1 - KEEP WITH PROPERTY**

Created by: PO84930

Printed by: IL0168AAMB  08-FEB-2011 16:11

"Exhibit A"

ILLINOIS )
)  SS.
COUNTY OF COOK )

The JANUARY 2011 Grand Jury of the
Circuit Court of Cook County,

The Grand Jurors chosen, selected and sworn, in and for the County of
Cook, in the State of Illinois, in the name and by the authority of
the People of the State of Illinois, upon their oaths present that on
or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of
ARMED ROBBERY

in that HE, KNOWINGLY TOOK PROPERTY, TO WIT: A BAG AND ITS CONTENTS,
FROM THE PERSON OR PRESENCE OF WILLIE CREATER, BY THE USE OF FORCE OR
BY THREATENING THE IMMINENT USE OF FORCE, AND HE CARRIED ON OR ABOUT
HIS PERSON OR WAS OTHERWISE ARMED WITH A FIREARM,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 18-2(a)(2) OF THE ILLINOIS
COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same
People of the State of Illinois.

COUNT NUMBER 1
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0012366

Randall
~~People~~ v. Lemke 726 N.E. 2d 183 where
pursued to 725 ILCS 5/111-1 Charges where
persued because of endict Guthered which would
disable Section 9 malicious prosecution Charges
brought because of 1 victims Claims, where
as officer stated these things where revealed
within their Claims, however valuables claimed
to have been taken wherent recovered no
house keys as failed to mention in inventory,
firearms lacking physical attachment,

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of        ARMED HABITUAL CRIMINAL

in that HE KNOWINGLY OR INTENTIONALLY POSSESSED A FIREARM AFTER BEING CONVICTED OF BURGLARY UNDER CASE NUMBER 07CR-15095 AND POSSESSION OF A CONTROLLED SUBSTANCE WITH INTENT TO DELIVER UNDER CASE NUMBER 05CR-6812,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.7 OF THE ILLINOIS COMPILED STATUES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 2
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0013855

Armed Habitual
doesn't mean because you have
been convicted of a crime/ habitual
means to continue/ People v Walden,
People v andrews N.E. 889 4 (2006), People v Lee
N.E. 2d 691, (2001) People v Cummings N.E. 2d 494,
(2001) violation of proportionate penalties clause
separation of powers clause of Illinois constitution
(1 art II) constitutes as double enhancement

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of          UNLAWFUL USE OR POSSESSION OF A WEAPON
                                  BY A FELON

in that HE, KNOWINGLY POSSESSED ON OR ABOUT HIS PERSON ANY FIREARM, AFTER HAVING BEEN PREVIOUSLY CONVICTED OF THE FELONY OFFENSE OF BURGLARY, UNDER CASE NUMBER 07CR-15095, UNDER THE LAWS OF THE STATE OF ILLINOIS

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.1(a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED, AND

THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER IN THAT HE HAD BEEN PREVIOUSLY CONVICTED OF A FORCIBLE FELONY,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 3
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0012309

Possession is 9/10ths of the law
Other than statement there is no physical
Evidence or eyesight that incorporates
~~Pike~~ with possession of firearms
where found pursuant to testimony 30 mins
after detainment in which there isn't any
finger prints to support claims/ People vs Fiala
where firearms where found on ground after
Chase and dismissed because of time laps
and also going to another destination for
(reasons) he could have picked up

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of     UNLAWFUL USE OR POSSESSION OF A WEAPON BY A FELON

in that HE, KNOWINGLY POSSESSED ON OR ABOUT HIS PERSON ANY FIREARM AMMUNITION, AFTER HAVING BEEN PREVIOUSLY CONVICTED OF THE FELONY OFFENSE OF BURGLARY, UNDER CASE NUMBER 07CR-15095, UNDER THE LAWS OF THE STATE OF ILLINOIS

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.1(a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED, AND

THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER IN THAT HE HAD BEEN PREVIOUSLY CONVICTED OF A FORCIBLE FELONY,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 4
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0012309

Charges stated that he knowingly possessed firearms on his person 9/10ths of the law, fingerprints failed, firearms found on ground./ People v Lemke N.E. 2d 1C3 (2000) Charges and prosecution of false accusations!

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of       UNLAWFUL USE OR POSSESSION OF A WEAPON
                               BY A FELON

in that HE, KNOWINGLY POSSESSED ON OR ABOUT HIS PERSON ANY FIREARM, AFTER HAVING BEEN PREVIOUSLY CONVICTED OF THE FELONY OFFENSE OF BURGLARY, UNDER CASE NUMBER 07CR-15095, UNDER THE LAWS OF THE STATE OF ILLINOIS,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.1(a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED,

AND THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER PURSUANT TO SECTION 24-1.1(e) IN THAT HE WAS ON PAROLE OR MANDATORY SUPERVISED RELEASE AT THE TIME OF THE OFFENSE,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 5
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0012310

People v Lemke /

Knowingly possessed on or about
his person

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

                        Rashon Pike

committed the offense of        UNLAWFUL USE OR POSSESSION OF A WEAPON
                                BY A FELON

in that HE, KNOWINGLY POSSESSED ON OR ABOUT HIS PERSON ANY FIREARM AMMUNITION, AFTER HAVING BEEN PREVIOUSLY CONVICTED OF THE FELONY OFFENSE OF BURGLARY, UNDER CASE NUMBER 07CR-15095, UNDER THE LAWS OF THE STATE OF ILLINOIS,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.1(a) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED,

AND THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER PURSUANT TO SECTION 24-1.1(e) IN THAT HE WAS ON PAROLE OR MANDATORY SUPERVISED RELEASE AT THE TIME OF THE OFFENSE,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.


                        COUNT NUMBER 6
                        CASE NUMBER 11CR-1487
                        CHARGE ID CODE: 0012310

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

                              Rashon Pike

committed the offense of        AGGRAVATED UNLAWFUL USE OF WEAPON

in that HE, KNOWINGLY CARRIED ON OR ABOUT HIS PERSON, A FIREARM, AT A TIME WHEN HE WAS NOT ON HIS OWN LAND OR IN HIS OWN ABODE OR FIXED PLACE OF BUSINESS, AND THE FIREARM POSSESSED WAS UNCASED, LOADED AND IMMEDIATELY ACCESSIBLE AT THE TIME OF THE OFFENSE,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.6(a)(1)/(3)(A) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER IN THAT HAS BEEN PREVIOUSLY CONVICTED OF A FELONY, TO WIT: POSSESSION OF A CONTROLLED SUBSTANCE, UNDER CASE NUMBER 04CR-17286,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.


                         COUNT NUMBER 7
                         CASE NUMBER 11CR-1487
                         CHARGE ID CODE: 0012476

This detention is not aggravated because it is loaded) and also on a public way/ which was sought in indictment but no charge form shown/ also firearm was found 30 mins later a 1/2 block away with also police officers in facinity and also unknown amount of persons

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of        AGGRAVATED UNLAWFUL USE OF WEAPON

in that HE, KNOWINGLY CARRIED ON OR ABOUT HIS PERSON, A FIREARM, AT A TIME WHEN HE WAS NOT ON HIS OWN LAND OR IN HIS OWN ABODE OR FIXED PLACE OF BUSINESS, AND HE HAD NOT BEEN ISSUED A CURRENTLY VALID FIREARM OWNER'S IDENTIFICATION CARD,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.6(a)(1)/(3)(C) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER IN THAT HAS BEEN PREVIOUSLY CONVICTED OF A FELONY, TO WIT: POSSESSION OF A CONTROLLED SUBSTANCE, UNDER CASE NUMBER 04CR-17286,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 8
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0012476

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of          AGGRAVATED UNLAWFUL USE OF WEAPON

in that HE, KNOWINGLY CARRIED OR POSSESSED ON OR ABOUT HIS PERSON A FIREARM, UPON ANY PUBLIC STREET, TO WIT: WEST ENGLEWOOD, WITHIN THE CORPORATE LIMITS OF A CITY, TO WIT: THE CITY OF CHICAGO, AT A TIME WHEN HE WAS NOT ON HIS OWN LAND OR IN HIS OWN ABODE OR FIXED PLACE OF BUSINESS, AND HE WAS NOT AN INVITEE THEREON FOR THE PURPOSE OF DISPLAY OF SUCH WEAPON OR THE LAWFUL COMMERCE IN WEAPONS, AND THE FIREARM POSSESSED WAS UNCASED, LOADED AND IMMEDIATELY ACCESSIBLE AT THE TIME OF THE OFFENSE,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.6(a)(2)/(3)(A) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER IN THAT HE HAS BEEN PREVIOUSLY CONVICTED OF A FELONY, TO WIT: POSSESSION OF A CONTROLLED SUBSTANCE, UNDER CASE NUMBER 04CR-17286,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 9
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0012479

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of        AGGRAVATED UNLAWFUL USE OF WEAPON

in that HE, KNOWINGLY CARRIED OR POSSESSED ON OR ABOUT HIS PERSON A FIREARM, UPON ANY PUBLIC STREET, TO WIT: WEST ENGLEWOOD, WITHIN THE CORPORATE LIMITS OF A CITY, TO WIT: THE CITY OF CHICAGO, AT A TIME WHEN HE WAS NOT ON HIS OWN LAND OR IN HIS OWN ABODE OR FIXED PLACE OF BUSINESS, AND HE WAS NOT AN INVITEE THEREON FOR THE PURPOSE OF DISPLAY OF SUCH WEAPON OR THE LAWFUL COMMERCE IN WEAPONS, AND HE HAD NOT BEEN ISSUED A CURRENTLY VALID FIREARM OWNER'S IDENTIFICATION CARD,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 24-1.6(a)(2)/(3)(C) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

THE STATE SHALL SEEK TO SENTENCE RASHON PIKE AS A CLASS 2 OFFENDER IN THAT HE HAS BEEN PREVIOUSLY CONVICTED OF A FELONY, TO WIT: POSSESSION OF A CONTROLLED SUBSTANCE, UNDER CASE NUMBER 04CR-17286,

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 10
CASE NUMBER 11CR-1487
CHARGE ID CODE: 0012479

The Grand Jurors chosen, selected and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths present that on or about December 29, 2010 at and within the County of Cook

Rashon Pike

committed the offense of       ATTEMPT RESIDENTIAL BURGLARY

in that HE, WITH INTENT TO COMMIT THE OFFENSE OF RESIDENTIAL BURGLARY, DID ANY ACT, TO WIT: RASHON PIKE, WITHOUT AUTHORITY DEMANDED ENTRY TO, AND PUSHED AT THE DOOR OF, THE DWELLING PLACE OF WILLIE CREATER, LOCATED AT 418 WEST ENGLEWOOD, CHICAGO, COOK COUNTY, ILLINOIS, WITH INTENT TO COMMIT THEREIN A THEFT, WHICH CONSTITUTED A SUBSTANTIAL STEP TOWARDS THE COMMISSION OF THE OFFENSE OF RESIDENTIAL BURGLARY,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 8-4(a)(720-5\19-3) OF THE ILLINOIS COMPILED STATUTES 1992 AS AMENDED AND

contrary to the Statute and against the peace and dignity of the same People of the State of Illinois.

COUNT NUMBER 11
CASE NUMBER 11CR-1487
CHARGE ID CODE: A1120000

Charges are unwarranted/
Evidence incorporates that access was granted
which would enable Emergency call to be made,
also possession of keys would also dispute
this claim/victim states defendant attempted
to push him up steps, not did push him up
steps/one of other defendant

The Grand Jurors chosen, selected and sworn, in and for the County of
Cook, in the State of Illinois, in the name and by the authority of
the People of the State of Illinois, upon their oaths present that on
or about December 29, 2010 at and within the County of Cook

                    Rashon Pike

committed the offense of        AGGRAVATED UNLAWFUL RESTRAINT

in that HE, KNOWINGLY WITHOUT LEGAL AUTHORITY DETAINED WILLIE
CREATER, WHILE USING A DEADLY WEAPON, TO WIT: A FIREARM,

IN VIOLATION OF CHAPTER 720 ACT 5 SECTION 10-3.1 OF THE ILLINOIS
COMPILED STATUTES 1992, AS AMENDED AND,

contrary to the Statute and against the peace and dignity of the same
People of the State of Illinois.

                    COUNT NUMBER 12
                    CASE NUMBER 11CR-1487
                    CHARGE ID CODE: 0775100

*Anita Alvarez*

Knowingly detained with a firearm
doesn't incorporate these charges
People v Paden N.E. 2d 989 (1984)
also disputed by 911 transcripts calls
made from husband and wife within
40 seconds of each other

1    IN RE:   PEOPLE VS. RAWSHON PIKE

2                    GJ# JAN 343

3                    11 CR 1487

4                    ARR. DATE: 2-10-11

5

6        BEFORE THE GRAND JURY OF COOK COUNTY

7                    JANUARY 2011

8

9              REPORT OF GRAND JURY PROCEEDINGS on

10   January 20, 2011, at the Cook County Criminal

11   Courts Building, 2600 South California Avenue,

12   Chicago, Illinois 60608.

13

14   PRESENT:
     HONORABLE ANITA ALVAREZ,
15   State's Attorney of Cook County, Illinois, by:
     MS. REGINA MESCALL:
16   Appeared on behalf of the People
     of the State of Illinois
17

18   WITNESS:

19   DETECTIVE J. FOSTER

20

21   REPORTED BY:
     DAWN M. LOMBARDO
22   CERTIFIED SHORTHAND REPORTER
     2650 SOUTH CALIFORNIA AVENUE
23   CHICAGO, ILLINOIS 60608
     ILLINOIS CSR LICENSE NO. 084-001879
24

1    THE FOREPERSON:  Would you raise your right

2  hand.

3                    (Witness duly sworn.)

4    MS. MESCALL:  Good morning, ladies and

5  gentlemen of the Grand Jury.  My name is Regina

6  Mescall, and I am an Assistant State's Attorney

7  assigned to the Grand Jury Unit here at the

8  State's Attorney's Office.

9                    This is Case No. January 343.  And

10  the State is seeking a True Bill of Indictment

11  against a defendant, Rawshon Pike, last name

12  P-i-k-e, for the following offenses:  Armed

13  habitual criminal, unlawful use of a weapon by a

14  felon, aggravated unlawful use of a weapon,

15  aggravated unlawful use of -- unlawful use of a

16  weapon on a public way, aggravated unlawful

17  restraint, armed robbery, and attempted

18  residential burglary.

19                    The Grand Jury does have the right

20  to subpoena and question any person against whom

21  the State's Attorney is seeking a Bill of

22  Indictment, or any other person, and to obtain

23  and examine any documents or transcripts relevant

24  to the matter being prosecuted by the State's

1    Attorney.

2            The State at this time seeks leave

3    to call the detective.

4            DETECTIVE J. FOSTER,

5    called as a witness herein, having been first

6    duly sworn, was examined and testified as

7    follows:

8                    EXAMINATION

9            BY: MS. MESCALL:

10   Q.   Detective, have you previously been

11   sworn?

12   A.   I have.

13   Q.   Please state to the Grand Jury your

14   name, spelling your last name, your star and your

15   unit of assignment.

16   A.   John Foster, F-o-s-t-e-r, Star No.

17   20288, assigned to Area 1 Violent Crimes, Chicago

18   Police Department.

19   Q.   Detective Foster, directing your

20   attention, sir, to the date of December 29th,

21   2010, at the following location:  418 West

22   Englewood, Chicago, Cook County, Illinois.  Sir,

23   at the time of approximately 10:33 p.m.

24   were you assigned as a detective to investigate

1    an armed robbery and other offenses that occurred

2    on that date, time and location?

3         A.   Yes, I was.

4         Q.   And as part of your investigation did

5    you speak with and/or meet with an alleged victim

6    by the name of Willie Creater, last name

7    C-r-e-a-t-e-r?

8         A.   I did.

9         Q.   Did your investigation reveal,

10   Detective, that Mr. Creater told you that he and

11   his wife were parking their car and trying to

12   proceed into their home, that the defendant was

13   approached by somebody identified as Mr. Rawshon

14   Pike?

15        A.   The victim was approached you mean?

16        Q.   Yes, sir.

17        A.   That's correct.

18        Q.   And the victim was approached by

19   Rawshon Pike along with two other unknown

20   co-offenders; is that correct?

21        A.   That's correct.

22        Q.   All right.  Did your investigation

23   reveal, Detective, that the defendant -- that

24   Mr. Pike approached the victim, Mr. Creater,

1    while armed with a handgun?

2        A.    That's correct.

3        Q.    Did your investigation reveal that Pike

4    also had demanded the -- Mr. Creater's bag that

5    contained some contents?

6        A.    That's correct.

7        Q.    And did your investigation reveal that

8    Mr. Pike also left with this bag that was the

9    property of Mr. Creater without Mr. Creater's

10   consent?

11       A.    That's correct.

12       Q.    Did your investigation reveal,

13   Detective, that during this event the -- this

14   incident Mr. Pike was attempting to get

15   Mr. Creater, the victim, into Mr. Creater's home?

16       A.    That's correct.

17       Q.    And did your investigation reveal that

18   the alleged victim refused and was struggling

19   with Pike?

20       A.    That's correct.

21       Q.    And did your investigation reveal that

22   Mr. Creater was held against his will while

23   Mr. Pike was armed with a deadly weapon,

24   specifically, a firearm?

1      A.   That's correct.

2      Q.   Did your investigation reveal that there

3  was -- that the police were called by a witness

4  that was inside of the home?

5      A.   That's correct.

6      Q.   And that a description was given of

7  Mr. Pike and co-offenders?

8      A.   Yes, that's correct.

9      Q.   Did your investigation reveal that

10  approximately 20 minutes later Rawshon Pike was

11  detained by the police?

12      A.   Correct.

13      Q.   And that Mr. Creater had identified

14  Mr. Pike in a showup?

15      A.   That's correct.

16      Q.   Did your investigation further reveal,

17  Detective, that there were some handguns that

18  were recovered approximately a couple of houses,

19  maybe a half a block away from where the

20  defendant had been detained from the police, and

21  one of those firearms was a handgun?

22      A.   That's correct.

23      Q.   All right.  Did your investigation

24  reveal that the defendant -- I'm sorry, Mr. Pike,

1    was in possession of a handgun while on the

2    public way, specifically on West Englewood

3    Street?

4        A.   Correct.

5        Q.   And that that handgun was uncased and

6    loaded and immediately accessible to the

7    defendant, Mr. Pike, at the time of the offense?

8        A.   Correct.

9        Q.   When you were at the police station, you

10   processed this defendant, Detective, did you

11   learn under a Chicago IR No. 1498255 the

12   defendant is a convicted felon, specifically, two

13   convictions, one for burglary under Case

14   No. 07 CR 1509501?

15       A.   Correct.

16       Q.   As well as for possession of a

17   controlled substance with intent to distribute

18   under Case No. 05 CR 0681201?

19       A.   That's correct.

20       MS. MESCALL:   Are there any questions for

21   this detective?

22                     (No response.)

23                     (Witness excused.)

24

1    (Whereupon, the Grand Jury was
     left alone to deliberate after
2    which the following
     proceedings were had:)

3

     THE FOREPERSON:  True Bill.

4

5    (Whereupon, the above-entitled
     cause was continued for
     arraignment before the
6    Presiding Judge of the
     Criminal Division.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS)
                       ) SS:
2    COUNTY OF C O O K)

3

4

5

6

7          I, DAWN M. LOMBARDO, a licensed Shorthand Court

8    Reporter in the State of Illinois, do hereby certify that

9    I reported in shorthand the hearing of the aforementioned

10   cause before the Grand Jury of Cook County, Illinois; that

11   I thereafter caused the foregoing to be transcribed into

12   typewriting, which I hereby certify to be a true and

13   accurate transcript of the proceedings had.

14

15

16

17   _____

18   DAWN M. LOMBARDO
     Certified Shorthand Reporter
19   License No. 084-001879

20

21

22

23

24

G.J. NO. 343
GENERAL NO. 11CR-1487

## CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT
### CRIMINAL DIVISION
### JANUARY 2011

The People of the State of
Illinois

v.

Rashon Pike



**INDICTMENT FOR**

ARMED ROBBERY

A TRUE BILL

Foreman of the Grand Jury

WITNESS
DETECTIVE JOHN L FOSTER, *20288

Filed _____ ,20____
_____ , Clerk

Bail $ _____

"Exhibit A"

STATE OF ILLINOIS )
                ) SS
COUNTY OF COOK    )

### IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT-CRIMINAL DIVISION

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| | ) | |
| VS. | ) | No. 11 CR 1487 |
| | ) | |
| RASHON PIKE | ) | |

FILED
JUL 28 2011
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
CR 400

### <u>MOTION TO ALLOW CONSUMPTION</u>

    Now come the People of the State of Illinois, by their Attorney, Anita Alvarez, State's Attorney of Cook County, through her Assistant, Jennifer Bagby, and move this honorable court to allow consumption of the evidentiary specimen for DNA testing:

1.    The Defendant is charged with Armed Robbery in the above captioned case. The defendant was armed with a handgun during the robbery which he discarded before being detained by police. Two guns were found near the scene of the robbery and recovered by police. Both guns were swabbed for DNA testing and those swabs were submitted to the Illinois State Police Crime Lab for biological and DNA testing.

2.    The Illinois State Police Crime Lab has contacted the State's Attorney's Office to inform us that they may need to consume the gun swab samples for DNA testing.

3.    The State now seeks permission from this Court to allow such testing as requested by the Illinois State Police Crime Lab.

Wherefore, the People of the State of Illinois respectfully request this court to allow such testing.

*Consume - meaning to use:*

Respectfully submitted,

Anita Alvarez
State's Attorney of Cook County

By:        Jennifer Bagby
Assistant State's Attorney

Exhibit N Part 2

FILED

JUDGE

FEB 10 2011

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF COOK           )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT – CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS    )
                                   )
                VS.                )        CASE NO.  11CR-1487
                                   )
RASHON PIKE                        )

ORDER

IT IS HEREBY ORDERED that the defendant submit to the taking of a

buccal swab pursuant to Supreme Court Rule 413 (a)(7) by a CCSAO

Investigator. Defendant is to be brought to Division 5, Release Unit (Room 1330)

by the CCSPD to accommodate this order.

IT IS SO ORDERED

JUDGE

Dated:            *There was never a need for
                  My D.N.A.*

"Exhibit O"

STATE OF ILLINOIS)
                 )  SS.
COUNTY OF COOK   )

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                                )
            vs.                 )   NO. 11 CR 1487
Rashaun Pike                    )
                                )
                                )

DISCOVERY RECEIPT

DOCUMENTS                                        PAGES
ISP DNA Reports                                    3

_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____
_____                        _____


_____
Attorney For Defendant           _____  DATE

# ILLINOIS STATE POLICE
Division of Forensic Services
Forensic Science Center at Chicago
1941 West Roosevelt Road
Chicago, Illinois 60608-1229
(312) 433-8000 (Voice) * 1-(800) 255-3323 (TDD)

Pat Quinn
*Governor*

October 19, 2011
**LABORATORY REPORT**

Hiram Grau
*Director*

JOHN FOSTER 20288
CHICAGO PD UNIT 610
DETECTIVE DIVISION, AREA 1
5101 SOUTH WENTWORTH
CHICAGO IL 60609

Laboratory Case #C11-015357
RD #HS681752

OFFENSE:    Robbery
SUSPECT:    Rashon Pike
VICTIM:     Willie Creater

The following evidence was received by the Forensic Science Center at Chicago on July 29, 2011:
**Inventory# 12286377**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 1 | Buccal standard from Rashon Pike |

The following evidence was received by the Forensic Science Center at Chicago on July 29, 2011:
**Inventory# 12209227**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 2 | Swabs from 9 mm Astra handgun |

The following evidence was received by the Forensic Science Center at Chicago on July 29, 2011:
**Inventory# 12209225**

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| 3 | Swabs from 12 gauge Maverick pump shotgun |

**RESULTS**

DNA from Exhibit 1 was amplified using the Polymerase Chain Reaction (PCR) and profiled at the loci listed on the attached table.

Quantitative PCR indicates there is insufficient human DNA in Exhibits 2 and 3 for AmpFlSTR Profiler Plus/COfiler STR analysis.

Exhibits 2 and 3 were not profiled.

CHICAGO PD UNIT 610
Laboratory Case #C11-015357      -2-      October 19, 2011

**RESULTS** (continued)
The human male DNA profile identified in Exhibit 1 has been included in the DNA Index and will continue to be compared to other DNA Index profiles. You will be notified if a probative association is detected.

See the attached table for a summary of observed alleles.

**REQUESTS**
If you have any questions regarding this report, please feel free to contact me.

**EVIDENCE DISPOSITION**
Please note that Exhibits 2 and 3 were consumed in DNA analysis.

Extracted DNA remains from Exhibits 2 and 3 for additional testing.

Extracted DNA from Exhibits 1, 2, and 3 have been retained at the Forensic Science Center at Chicago for Y-STR DNA analysis and will be the subject of a separate report.

Exhibits 1, 2, and 3 will be returned to the Chicago Police Department Evidence and Recovered Property Section.

Respectfully submitted,

*Katrina M. M. Gomez*

Katrina M. M. Gomez
Forensic Scientist

Attachment (s)

cc: ██████████████████████████

Summary of DNA Analytical Results

**C11-015357**

Exhibit Attachment - 1

| | Exb 1 Buccal standard from Rashon Pike | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| D3S1358 | 15,16 | | | | | | | |
| vWA | 15 | | | | | | | |
| FGA | 21,22 | | | | | | | |
| Amelogenin | X,Y | | | | | | | |
| D8S1179 | 14,16 | | | | | | | |
| D21S11 | 28,33.2 | | | | | | | |
| D18S51 | 16 | | | | | | | |
| D5S818 | 12,13 | | | | | | | |
| D13S317 | 12 | | | | | | | |
| D7S820 | 10,12 | | | | | | | |
| D16S539 | 9 | | | | | | | |
| THO1 | 7,8 | | | | | | | |
| TPOX | 8,12 | | | | | | | |
| CSF1PO | 11,12 | | | | | | | |

NT = Not Tested    ND = Not Detected

This is a summary of the observed alleles only. Interpretations are made according to established guidelines.



"Exhibit P"

West Reporter Image (PDF)

311 Ill.App.3d 848, 726 N.E.2d 183, 244 Ill.Dec. 587

Judges and Attorneys
Appellate Court of Illinois,
Second District.
Robert RANDALL, Plaintiff-Appellant,
v.
Fred LEMKE, Defendant-Appellee.

No. 2-99-0595.

March 10, 2000.

Individual against whom criminal charges were filed and ultimately dismissed brought claims for malicious prosecution and false imprisonment against informer whose report led to police investigation. The Circuit Court, Lake County, Jack Hoogasian, J., dismissed claims on the pleadings. Appeal was taken. The Appellate Court, Bowman, P.J., held that: (1) charges not based on an informer's false report do not subject informer to malicious prosecution liability, adopting Restatement (Second) of Torts § 653, comment g; (2) informer, who allegedly made willful false report that plaintiff was carrying gun in vehicle, was not liable for malicious prosecution because charges filed against plaintiff were unrelated to that report; and (3) informer was also not liable for false imprisonment because arrest of plaintiff was on charges unrelated to possession of a weapon.

Affirmed.

West Headnotes

[1] KeyCite Citing References for this Headnote

307A Pretrial Procedure
  307AIII Dismissal
    307AIII(B) Involuntary Dismissal
      307AIII(B)4 Pleading, Defects In, in General

307Ak622 k. Insufficiency in General. Most Cited Cases

307A Pretrial Procedure  KeyCite Citing References for this Headnote
  307AIII Dismissal
   307AIII(B) Involuntary Dismissal
    307AIII(B)6 Proceedings and Effect
     307Ak679 k. Construction of Pleadings. Most Cited Cases


Motion to dismiss on the pleadings attacks the legal sufficiency of a complaint; it presents the question whether the complaint's allegations, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. S.H.A. 735 ILCS 5/2-615.

[2]  KeyCite Citing References for this Headnote

307A Pretrial Procedure
  307AIII Dismissal
   307AIII(B) Involuntary Dismissal
    307AIII(B)4 Pleading, Defects In, in General
     307Ak623 Clear and Certain Nature of Insufficiency
      307Ak624 k. Availability of Relief Under Any State of Facts Provable. Most Cited Cases


Claim may not be dismissed on the pleadings unless no set of facts may be proved that will entitle the plaintiff to recover. S.H.A. 735 ILCS 5/2-615.

[3]  KeyCite Citing References for this Headnote

30 Appeal and Error
  30XVI Review
   30XVI(F) Trial De Novo
    30k892 Trial De Novo
     30k893 Cases Triable in Appellate Court
      30k893(1) k. In General. Most Cited Cases


Appellate Court's review of an order of dismissal on the pleadings is de novo. S.H.A. 735 ILCS 5/2-615.

[4]  KeyCite Citing References for this Headnote

249 Malicious Prosecution
  249I Nature and Commencement of Prosecution

249k0.5 k. Nature and Elements of Malicious Prosecution in General. Most Cited Cases
    (Formerly 249k16)


To state a claim of malicious prosecution, a plaintiff must allege facts showing: (1) the defendant's commencement or continuation of an original criminal or civil proceeding; (2) the termination of the proceeding in the plaintiff's favor; (3) the absence of probable cause for the proceeding; (4) the defendant's malice; and (5) the plaintiff's damages.

[5]  KeyCite Citing References for this Headnote

249 Malicious Prosecution
    249I Nature and Commencement of Prosecution
    249k3 k. Instigation of or Participation in Prosecution. Most Cited Cases


In malicious prosecution context, a citizen does not commence a prosecution when he merely gives false information to the proper authorities; on the other hand, when a citizen knowingly gives false information to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen. S.H.A. 725 ILCS 5/111-1.

[6]  KeyCite Citing References for this Headnote

249 Malicious Prosecution
    249I Nature and Commencement of Prosecution
    249k3 k. Instigation of or Participation in Prosecution. Most Cited Cases


For purposes of potential liability for malicious prosecution, when an informer knowingly gives false information to a prosecuting officer, the informer commences the prosecution only if the prosecution is based upon the false information; if the prosecution is based upon separate information, the informer does not affect the officer's discretion, and the officer alone is responsible for the prosecution; adopting Restatement (Second) of Torts § 653, comment g. S.H.A. 725 ILCS 5/111-1; Restatement (Second) of Torts § 653 comment.

[7]  KeyCite Citing References for this Headnote

249 Malicious Prosecution
    249I Nature and Commencement of Prosecution
    249k3 k. Instigation of or Participation in Prosecution. Most Cited Cases


Informer who allegedly made willful false report to police that plaintiff was carrying gun in vehicle was not liable for malicious prosecution in connection with charges that were

filed against plaintiff but later dismissed for lack of probable cause, where charges filed were not based on informer's report but on information that police apparently gathered independently. S.H.A. 725 ILCS 5/111-1; Restatement (Second) of Torts § 653 comment.

[8]  KeyCite Citing References for this Headnote

168 False Imprisonment
  168I Civil Liability
    168I(A) Acts Constituting False Imprisonment and Liability Therefor
     168k1 Nature and Elements of False Imprisonment
      168k2 k. In General. Most Cited Cases

To state claim of false imprisonment, a plaintiff must allege that the defendant caused or procured a restraint of the plaintiff without reasonable grounds to believe that the plaintiff was committing an offense.

[9]  KeyCite Citing References for this Headnote

168 False Imprisonment
  168I Civil Liability
    168I(A) Acts Constituting False Imprisonment and Liability Therefor
     168k15 Persons Liable
      168k15(2) k. Persons Procuring or Instigating Arrest. Most Cited Cases

When a police officer makes a false arrest, a plaintiff may recover against a private defendant who supplied information to that police officer only if the private defendant either (1) directed the officer to arrest the plaintiff; or (2) procured the arrest by giving information that was the sole basis for the arrest.

[10]  KeyCite Citing References for this Headnote

168 False Imprisonment
  168I Civil Liability
    168I(A) Acts Constituting False Imprisonment and Liability Therefor
     168k15 Persons Liable
      168k15(2) k. Persons Procuring or Instigating Arrest. Most Cited Cases

Informer who allegedly made willful false report to police that plaintiff was carrying a weapon in vehicle was not liable for false imprisonment based on subsequent arrest of plaintiff on charges that were later dismissed, even if police investigation resulting in arrest would not have occurred but for informer's actions, where arrest was for charges unrelated to possession of a weapon.

**184 *849 ***588 Thaddeus M. Bond, Jr., Law Offices of Thaddeus M. Bond, Jr. & Associates, Waukegan, for Robert Randall.

Douglas R. Roberts, Law Offices of Douglas Roberts & Associates, PC, Waukegan, for Fred Lemke.


Presiding Justice BOWMAN delivered the opinion of the court:

Plaintiff, Robert Randall, appeals two orders of the circuit court of Lake County: (1) its dismissal of his first amended complaint against defendant, Fred Lemke; and (2) its quashing of his subpoena. He argues that (1) his complaint stated valid claims of malicious prosecution and false imprisonment; and (2) his subpoena requested relevant evidence. We affirm.


Plaintiff filed his first amended complaint on February 18, 1999. In count I, he asserted a claim of malicious prosecution. He alleged that, on February 1, 1998, defendant called the police and "falsely" reported that plaintiff was in his vehicle with a gun. For that reason alone, a police officer pulled over and arrested plaintiff. Plaintiff did not have a gun at the time. Charges were filed but dismissed for lack of probable cause. Defendant acted "willfully, wantonly, and with blatant disregard for" plaintiff's rights. Plaintiff suffered damages of more than $50,000.


Count II contained plaintiff's claim of false imprisonment. There he made the same allegations, with the following addition: "For the sole reason of the aforesaid actions of Defendant, Plaintiff was arrested and imprisoned against his will for charges unrelated to possession of a weapon."


*850 On February 24, 1999, plaintiff issued a subpoena seeking the production of certain records of defendant's telephone calls.


**185 ***589 Pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1998)), defendant moved to dismiss plaintiff's complaint. His argument was based partly upon the fact that plaintiff was arrested for and charged with offenses unrelated to defendant's alleged report to the police. Defendant also moved to quash plaintiff's subpoena.


The trial court granted both motions, stating in its written orders: "[Plaintiff] was arrested on Feb. 1, 1998 * * * and was charged with No Headlights [court file number], DUI [court file number] and other traffic offenses and was not charged with any weapons offenses." Plaintiff appealed those orders.

[1] [2] [3]  A section 2-615 motion to dismiss attacks the legal sufficiency of a complaint. It presents the question whether the complaint's allegations, viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. A claim may not be dismissed on the pleadings unless no set of facts may be proved that will entitle the plaintiff to recover. Our review of an order of dismissal is de novo. Abbasi v. Paraskevoulakos, 187 Ill.2d 386, 391, 240 Ill.Dec. 700, 718 N.E.2d 181 (1999).

[4]  To state a claim of malicious prosecution, a plaintiff must allege facts showing: (1) the defendant's commencement or continuation of an original criminal or civil proceeding; (2) the termination of the proceeding in the plaintiff's favor; (3) the absence of probable cause for the proceeding; (4) the defendant's malice; and (5) the plaintiff's damages. Swick v. Liautaud, 169 Ill.2d 504, 512, 215 Ill.Dec. 98, 662 N.E.2d 1238 (1996). We conclude that plaintiff failed to state a valid claim.

[5]  The commencement of a criminal proceeding is the filing of a complaint, an information, or an indictment. 725 ILCS 5/111-1 (West 1998). Thus, some official action is required; a citizen does not commence a prosecution when he merely gives false information to the proper authorities. Mulligan v. Village of Bradley, 131 Ill.App.3d 513, 516, 86 Ill.Dec. 650, 475 N.E.2d 1029 (1985). On the other hand, when a citizen knowingly gives false information to a police officer, who then swears out a complaint, the officer's action may be attributed to the citizen. Geisberger v. Vella, 62 Ill.App.3d 941, 943, 20 Ill.Dec. 114, 379 N.E.2d 947 (1978).

Here, plaintiff alleged that charges were filed against him, fairly stating that a prosecution was commenced. He also alleged that defendant instigated the prosecution by "willfully" and "wantonly" making a "false report" to the police. Viewed in the light most favorable to plaintiff, this allegation conveys that defendant knowingly gave false information.

*851 However, as plaintiff concedes in his reply brief, a fair reading of his complaint establishes that the charges filed against him had nothing to do with the information that defendant allegedly reported to the police. Defendant allegedly reported that plaintiff was carrying a gun, but plaintiff was charged only with unrelated offenses. Under these circumstances, could defendant have "commenced" the prosecution of plaintiff? Although we have found no Illinois case on point, we answer the question in the negative.

In the absence of Illinois authority, we deem persuasive the Restatement (Second) of Torts. See Pratt v. Kilborn Motors, Inc., 48 Ill.App.3d 932, 935, 6 Ill.Dec. 770, 363 N.E.2d 452 (1977). Section 653, comment g states, in relevant part:

"When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not [subject to liability for malicious prosecution.] The exercise of the officer's discretion makes the initiation of the prosecution his own and protects [the informer] from liability * * *.

**186 ***590 If, however, the information is known by the giver to be false, an intelligent exercise of the officer's discretion becomes impossible, and a prosecution based upon it is procured by the person giving the false information." (Emphasis added.) Restatement (Second) of Torts § 653, Comment g, at 409 (1977).

[6] This comment makes clear that, when an informer knowingly gives false information to a prosecuting officer, he commences the prosecution only if the prosecution is "based upon" the false information. If the officer relies upon the informer's report, the informer interferes with the officer's intelligent exercise of discretion, and the informer may be subject to liability. If, however, the prosecution is based upon separate information, the informer does not affect the officer's discretion, and the officer alone is responsible for the prosecution. We believe that this rule is sound, and we adopt it here.

[7] We note the possibility that, but for defendant's alleged report, the police would not have investigated plaintiff, and plaintiff would not have been prosecuted. Nevertheless, the prosecution was not "based upon" defendant's report. Instead, the prosecution was based upon information that the police apparently gathered independently. Thus, defendant's report did not encumber the decision to prosecute. Defendant did not commence the prosecution of plaintiff, and he may not be held liable for malicious prosecution. On this basis, we affirm the trial court's dismissal of count I of plaintiff's complaint.

[8] [9] We turn now to count II. To state a claim of false imprisonment,*852 a plaintiff must allege that the defendant caused or procured a restraint of the plaintiff without reasonable grounds to believe that the plaintiff was committing an offense. Dutton v. Roo-Mac, Inc., 100 Ill.App.3d 116, 120, 55 Ill.Dec. 458, 426 N.E.2d 604 (1981). Plaintiff alleged that he was so restrained when the police "arrested and imprisoned [him] against his will." It is true that, when a police officer makes a false arrest, a plaintiff may recover against a private defendant who supplied information to that police officer. However, the

private defendant is subject to liability only if he either (1) directed the officer to arrest the plaintiff; or (2) procured the arrest by giving information that was the sole basis for the arrest. Odorizzi v. A.O. Smith Corp., 452 F.2d 229, 231 (7th Cir.1971) (and cases cited therein). Plaintiff failed to make either allegation here.

[10]  Plaintiff did not allege that defendant directed the police to arrest him; he alleged only that defendant reported false information to the police. Unless the information is the sole basis for the arrest, an informer's mere conveyance of information to the police does not support a claim of false imprisonment. Odorizzi, 452 F.2d at 231-32 (and cases cited therein); Dutton, 100 Ill.App.3d at 119-20, 55 Ill.Dec. 458, 426 N.E.2d 604.

Furthermore, the complaint establishes that defendant's alleged report was not the sole basis for plaintiff's arrest. Again, plaintiff alleged that, "[f]or the sole reason of the aforesaid actions of Defendant, Plaintiff was arrested and imprisoned against his will for charges unrelated to possession of a weapon." (Emphasis added.) This statement clearly conveys that, but for defendant's act, plaintiff would not have been arrested. However, because plaintiff was arrested on charges unrelated to the one of which defendant accused him, defendant's accusation could not have been the sole basis for the arrest. Therefore, plaintiff did not allege that defendant "caused or procured" his restraint, and defendant may not be held liable for false imprisonment. On this basis, we affirm the trial court's dismissal of count II of plaintiff's complaint.

Finally, plaintiff contends that, because his subpoena sought the production of evidence relevant to his claims, it should not have been quashed. Because we affirm the dismissal of his claims, we affirm the quashing of his subpoena.

**187 ***591 For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and GALASSO, JJ., concur.

Ill.App. 2 Dist.,2000.
Randall v. Lemke
311 Ill.App.3d 848, 726 N.E.2d 183, 244 Ill.Dec. 587

--------------------------------------------------------------------------------

Judges and Attorneys (Back to top)
Judges | Attorneys
Judges
Bowman, Hon. John J.
State of Illinois Appellate Court, 2nd District
Elgin, Illinois 60120
Litigation History Report | Judicial Reversal Report | Judicial Expert Challenge Report |
Profiler

Hoogasian, Jack Hon.
State of Illinois Circuit Court, 19th Judicial Circuit
Waukegan, Illinois 60085
Litigation History Report | Judicial Reversal Report | Profiler

McLaren, Hon. Robert D.
State of Illinois Appellate Court, 2nd District
Elgin, Illinois 60120
Litigation History Report | Judicial Reversal Report | Judicial Expert Challenge Report |
Profiler

-------------------------------------------------------------------------------

Attorneys
Attorneys for Defendant
Roberts, Douglas R.
Waukegan, Illinois 60085
Litigation History Report | Profiler

Attorneys for Plaintiff
Bond, Thaddeus M. Jr.
Waukegan, Illinois 60085
Litigation History Report | Profiler

END OF DOCUMENT

 West Reporter Image (PDF)

Adobe Reader is required to view PDF images.

(c) 2011 Thomson Reuters. No Claim to Orig. US Gov. Works

(Exhibit - P²)

(Court Branch) _____ _____ (Court Date) _____

**FELONY**

CCCR N662-125M-6/28/02 (23440565)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

The People of Illinois
Plaintiff

**COMPLAINT FOR PRELIMINARY EXAMINATION**

v.

NO._____

_____
Defendant

_____ (Complainant's Name Printed or Typed) _____ complainant, now appears before

The Circuit Court of Cook County and states that

_____ (Defendant) _____ has, on or about

_____ (Address) _____

_____ (Date) _____ at _____ (Place of offense) _____

committed the offense of _____ in that he/she

_____

_____

_____

_____

in violation of _____ **ILCS** _____

(Chapter) (Act) (Section)

| | | | | | |
|---|---|---|---|---|---|

**CHARGE CODE**

_____ (Complainant's Signature) _____

STATE OF ILLINOIS }
COOK COUNTY } ss.

_____ (Complainant's Address) _____ (Telephone No.)

being first duly sworn, _____

complaint by him/her subscribed and that the same is true.

_____ (Complainant's Name Printed or Typed) _____

on oath, deposes and says the he/she read the foregoing

Subscribed and sworn to before me _____

_____ (Complainant's Signature) _____

_____ (Judge or Clerk) _____

I have examined the above complaint and the person presenting the same and have heard evidence thereon, and am satisfied that there is probable cause for filing same. Leave is given to file said complaint.

Summons Issued.
or
Warrant Issued.
or
Bail set at

Judge _____

Bail set at. _____

Judge's No.

_____

_____ Judge _____

Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Exhibit P3

STATE OF ILLINOIS )
                       ) SS
COUNTY OF _____ )

## AFFIDAVIT

I, _____ being first duly sworn under oath depose and state
that the foregoing is true and correct and made upon my personal knowledge and I
am competent to testify thereto.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

PAGE 2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS _____ DAY _____, 20____

_____
NOTARY PUBLIC

"Exhibit Q"

STATE OF ILLINOIS )
                     ) SS.
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY
### COUNTY DEPARTMENT-CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
                               )
            VS.            )      NO.
                               )

*Rashon Pike*

### DISCOVERY RECEIPT

| ITEM | PAGES |
|------|-------|
| CC.SD Inventory Receipt / History | 1 |
| " Inmate Housing Hx | 1 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

THE BELOW SIGNED ATTORNEY HEREBY ACKNOWLEDGES RECEIPT OF THE ABOVE MATERIALS.

DATED: _____     SIGNED: _____



09/30/2011   13:04   000000000            CC SHERIFF EXEC OFF                    PAGE  03/04

# COOK COUNTY SHERIFF'S OFFICE

## Property / Clothing History

| | |
|---|---|
| Date: | 09/28/2011 |
| Time: | 1:18 PM |
| Page: | 1 of 1 |

User ID:   RLyles

Inmate #:   0416098
Booking Id:   20101230154
Inmate Name:   PIKE, RASHON M

---

**Type:** Clothing

| Current: | Qty: | Description: | Color: | Status: | Orig Intake: | Notes: |
|---|---|---|---|---|---|---|
| ☑ | 1 | JEANS | Blue | RECEIVED - CLOTHING | ☐ | |
| ☑ | 1 | SHIRT | Black | RECEIVED - CLOTHING | ☐ | |
| ☑ | 1 | HOODIE | Black | RECEIVED - CLOTHING | ☐ | |
| ☑ | 1 | SHIRT | White | RECEIVED - CLOTHING | ☐ | |
| ☑ | 1 | BOOTS | Brown | RECEIVED - CLOTHING | ☐ | |

**Type:** Property

| Current: | Qty: | Description: | Color: | Status: | Orig Intake: | Notes: |
|---|---|---|---|---|---|---|
| ☑ | 1 | SEALED PROPERTY | Clear | RECEIVED - PROPERTY | ☐ | |



User ID: MARIA DE JESUS

## COOK COUNTY SHERIFF'S OFFICE
## Inmate Housing History

### Current Listing

Date: 09/26/2011
Time: 10:01 AM
Page: 1 of 1

Inmate Id: 0416098
Booking Id: 20101230154
Name: PIKE, RASHON M

| Date: | Classification By: | Class Type: | Interview Result: | Override: | Override Reason: | Facility: | Assigned Cell: |
|-------|--------------------|-------------|--------------------|-----------|------------------|-----------|----------------|
| 12/31/2010 | DARRYL HOUSTO | INITIAL | MED | MED | | DIV5 | DIV5-A-2-5-1 |
| 12/30/2010 | NORMA TERRELL | INITIAL | MED | MED | | DIV6 | DIV6- |

# PROPERTY INVENTORY - NO.
## CHICAGO POLICE DEPARTMENT
CPD-34.523 (REV. 10/09)

**INV NO** 12209222

**PKG NO.** 2490567

**RD NO.** H5681752

**UNIT** 007

**INVENTORY NO.** 12209222

**RE-INVENTORY OF:**

| DATE RECOVERED | 30-DEC-2010 | | DESCRIPTION OF PROPERTY |
|---|---|---|---|

| ITEM ID | QUANTITY | | |
|---|---|---|---|
| 4628540 | 1 | PRISONER PERSONAL : BLACKBERRY CELL PHONE WITH NO BATTERY | |
| 4628541 | 1 | PRISONER PERSONAL : CELL PHONE EAR PIECE | |

**COMMENTS:**

**CURRENCY:**

| IUCR: | 031A | ROBBERY ARMED: HANDGUN |
|---|---|---|
| STATE CHARGES: | 720 ILCS 5.0/18-2-A-2 | |

**RECOVERED/SEIZED FROM - NAME** PIKE, RASHON

**OWNER'S NAME** PIKE, RASHON

**FOUND BY - NAME** CARMONA, ISAURA **Star:** 9914

- [X] CHECK IF C.P.D.
- [ ] HOLD FOR INVESTIGATION AND/OR EVIDENCE (IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK)
- [X] PROPERTY AVAILABLE FOR RETURN TO OWNER
- [ ] DECEASED [X] ARRESTED

**INVESTIGATING OFFICER -** CARMONA, ISAURA **STAR NO.** 9914 **UNIT** 007

**ADDRESS** 11929 S LOWE AVE CHICAGO, IL 60628

**Court Date** 07-JAN-2011 **Court Branch** 48-2

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

**AT** 1438 W 63RD ST CHICAGO, IL 60636

**BEAT OF RECOVERY** 713

**CHARGE TYPE: FELONY**
**INCHOATE: OFFENSE AS CITED**

SEE COPY 3 FOR NOTICE TO FINDER

**$ DEPOSITED AMT**

**$ INVENTORY AMT**

**INITIAL DESTINATION OF PROPERTY:**

- [X] POLICE MAIL
- [ ] E & R/PS PICKUP
- [ ] RECOVERING UNIT PERSONNEL
- [ ] EVID./LAB TECHNICIAN

**VIA:**

**1st OFFICER'S NAME** CARMONA, ISAURA

**SIGNATURE** Electronic Approval

**STAR NO.** 9914 **UNIT** 007

**2nd OFFICER'S NAME** WRIGHT, MARCHAND

**SIGNATURE** Electronic Approval

**STAR NO.** 3164 **UNIT** 007

**APPROVING DESK SERGEANT** BROWN, CHARLES

**STAR NO.** 1753

**DATE** 30-DEC-2010 **TIME** 01:55

**TELEPHONE NO.**

**COURT ORDER - DISPOSAL INSTRUCTIONS**

**MY SIGNATURE HEREON ACKNOWLEDGES RECEIVING ALL PROPERTY DESCRIBED IN THIS INVENTORY**

**RECIPIENTS SIGNATURE** [X]

**ADDRESS - STREET**

**CITY** **STATE** **ZIP**

**OFFICER'S SIGNATURE - STAR - UNIT** [X]

**WATCH COMDR.'S APPROVAL SIGNATURE** [X] (EXEMPT RANK REQUIRED FOR FIREARMS)

**DATE RECEIVED**

**JUDGE** **CT.BR.**

**OFFICER'S SIGNATURE - STAR - UNIT** [X]

**E. & R.P.S USE ONLY**

Created by: PO2Z103

**COPY 1 - KEEP WITH PROPERTY**

Printed by: IL016SAAMB  08-FEB-2011 15:56

Exhibit R

Fraud: (a) (piece of) dishonesty:

Defamation: Of Character, to Say bad things about:

Perjure: To tell lies in a Court of law when you have sworn to tell the truth:

Reveal: To Show which was hidden:

**PROPERTY INVENTORY - NO.**
**CHICAGO POLICE DEPARTMENT**
CPD-34.523 (REV. 10/09)

INV NO 12209222

| PKG NO. | 2490567 |
| --- | --- |
| RD | HS681752 |

| UNIT |
| --- |
| 007 |

RE-INVENTORY OF:

INVENTORY NO.
**12209222**

DATE RECOVERED
**30-DEC-2010**

**DESCRIPTION OF PROPERTY**

| ITEM ID | QUANTITY | |
| --- | --- | --- |
| 4628540 | 1 | PRISONER PERSONAL : BLACKBERRY CELL PHONE WITH NO BATTERY |
| 4628541 | 1 | PRISONER PERSONAL : CELL PHONE EAR PIECE |

MY SIGNATURE HEREON ACKNOWLEDGES RECEIVING ALL PROPERTY DESCRIBED IN THIS INVENTORY

RECIPIENTS SIGNATURE
X

ADDRESS - STREET

CITY                STATE          ZIP

DATE RECEIVED

OFFICER'S SIGNATURE -    STAR - UNIT
X

WATCH COMDR.'S APPROVAL SIGNATURE
(EXEMPT RANK REQUIRED FOR FIREARMS)
X

COURT ORDER - DISPOSAL INSTRUCTIONS

**EVIDENCE & RECOVERED PROPERTY SECTION USE ONLY**

| $ DEPOSITED AMT | $ INVENTORY AMT |
| --- | --- |

COMMENTS:

Court Date **07-JAN-2011**

Court Branch **48-2**

CURRENCY:

CHARGE TYPE: **FELONY**

INCHOATE: **OFFENSE AS CITED**

IUCR:

**031A          ROBBERY ARMED: HANDGUN**

STATE CHARGES: **720 ILCS 5.0/18-2-A-2**

RECOVERED/SEIZED FROM - NAME   **PIKE, RASHON**
DECEASED [ ]   ARRESTED [X]

BEAT OF RECOVERY
**713**

AT **1438 W 63RD ST**
**CHICAGO, IL 60636**

OWNER'S NAME   **PIKE, RASHON**

ADDRESS   **11929 S LOWE AVE**
**CHICAGO, IL 60628**

TELEPHONE NO.

FOUND BY - NAME   **CARMONA, ISAURA      Star: 9914**
CHECK IF [X]
C.P.D.

ADDRESS

TELEPHONE NO.

SEE COPY 4 FOR NOTICE TO FINDER

CT.BR.

JUDGE

OFFICER'S SIGNATURE -    STAR          UNIT
X

E. & R.P.S USE ONLY

| | INVESTIGATING OFFICER - | STAR NO. | UNIT | 1st OFFICER'S NAME   **CARMONA, ISAURA** | STAR NO. **9914** |
| --- | --- | --- | --- | --- | --- |

CHECK ONE

HOLD FOR INVESTIGATION [ ]
AND/OR EVIDENCE
(IF NOT NEEDED FOR INVESTIGATION/EVIDENCE, LEAVE BLANK)

PROPERTY AVAILABLE FOR RETURN TO [X]
OWNER

TO BE DISPOSED OF BY CUSTODIAN (NOT TO BE RETURNED) [ ]
(THIS APPLIES IF PROPERTY IS NOT EVIDENCE, NOT RETURNABLE AND/OR OWNER IS UNKNOWN)

SIGNATURE   **Electronic Approval**

2nd OFFICER'S NAME
**WRIGHT, MARCHAND**

STAR NO.
**3164**

UNIT
**007**

SIGNATURE   **Electronic Approval**

UNIT
**007**

INITIAL DESTINATION OF PROPERTY:
**ERPS**

APPROVING DESK SERGEANT
**BROWN, CHARLES**

STAR NO.
**1753**

DATE
**30-DEC-2010**

TIME
**01:55**

VIA   POLICE MAIL [X]      RECOVERING UNIT PERSONNEL [ ]
E & RPS PICKUP [ ]     EVID./LAB TECHNICIAN [ ]

**COPY 1 - KEEP WITH PROPERTY**

Created by: PC021103

Printed by: IL016SAAMB   08-FEB-2011 15:56

Exhibit T

12/23/11

To whom this may concern

I am writing in refference to an prejudicial and
unlawful "detainement" to officers mentioned
Detective John Foster Star # 20288, Marchand Wright Star # 3164,
Lester Vaughan Star # 17244 and Isaura Carmona # 9914
Pertaining to my Constitutional rights in which where violated
by the the Supreme Courts decision on Randal v Lemke which Shows
that the procedures on the date of 12/29/10 where in violation to my
1st amendment, Illinois Constitution, also these officers Knowingly
fabricated all police Paperwork to right their wrong doing upon me.
These procedures upon 12/29/10 in which I was not "detained"
but Seized, which is reason why paperwork was Fabricated. See my
Police Report and Clothing inventory. By the Supreme Court Standards
in Terry v Ohio I am asking that this Situation be investigated
and officers be reprimanded for these unlawful actions.

Rashon Pile