# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | EDMOND E. CHANG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0094 | **DATE** | January 30, 2012 |
| **CASE TITLE** | Rashon Markell Pike (#R-32728) vs. Detective John Foster, et al. | | |

**DOCKET ENTRY TEXT:**

As detailed in the Statement below, Plaintiff's motion for leave to proceed *in forma pauperis* [R. 3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $1.67 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk is directed to issue summonses for service on the defendants by the U.S. Marshal. Plaintiff's perjury claim is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [R. 4] is denied without prejudice.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff is a state prisoner and brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendants, Chicago police officers, violated Plaintiff's constitutional rights by illegally detaining him, by falsely arresting him, and by fabricating evidence to bolster his prosecution.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted in light of his lack of financial resources and the complaint's survival of the screening process. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.67. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court holds that he has set forth colorable federal causes of action against the defendants. A police stop must be justified "by suspicion (reasonably grounded, but short of probable cause) that criminal activity is afoot." *Arizona v. Johnson*, 555 U.S. 323, 330 (2009); *see also United States v. Carlisle*, 614 F.3d 750, 754 (7th Cir. 2010) ("Police officers may conduct a brief investigatory stop of a suspect if they have reasonable suspicion based on articulable facts that a crime is about to be or has been committed."). Furthermore, an arrest without probable cause violates the arrestee's Fourth Amendment rights. *See, e.g., Mustafa* v. *City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). In addition, police officers may be sued under § 1983 for fabricating evidence that resulted in a state court conviction. *See, e.g., Brokaw v. Weaver*, 305 F.3d 660, 665 (7th Cir. 2002). While a more fully developed record may belie Plaintiff's allegations, the defendants must respond to the complaint.

      However, Plaintiff's claim that Officer Foster committed perjury during grand jury proceedings is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. In the Seventh Circuit, a witness is absolutely immune from a claim arising from the witness's testimony in a grand jury. *Curtis v. Bembenek*, 48 F.3d 281, 284 (7th Cir. 1995) (citing *Kincaid v. Eberle*, 712 F.2d 1023, 1023-24 (7th Cir. 1983)). (The Court notes that the Supreme Court has under advisement a case which might overrule this conclusion. *See Rehberg v. Paulk*, S. Ct. No. 10-788 (argued November 1, 2011).)

      The clerk shall issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If any officer can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal.The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to the defendants (or to defense counsel, once an attorney has entered an appearance on behalf of the defendants). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

**(CONTINUED)**

| **STATEMENT (continued)** |
|---|

     Finally, Plaintiff's motion for appointment of counsel is denied without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*en banc*) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

     After considering the above factors, the court Concludes that appointment of counsel is not warranted in this case, at least not yet. Although the complaint sets forth cognizable claims, neither the legal issues raised in the complaint nor the factual evidence that might support the plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff is a high school graduate, and his initial submissions are coherent and articulate. He appears more than capable of competently presenting his case. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.