IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RASHON MARKELL PIKE | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C. 0094 |
| v. | ) | |
| | ) | Judge Edmond E. Change |
| | ) | |
| City of Chicago, et. al. | ) | Magistrate Nan R. Nolan |
| | ) | |
| Defendants | ) | Jury Demanded |

## AMENDED COMPLAINT

NOW COMES the Plaintiff, Rashon Markell Pike, ("Plaintiff") by and through his attorneys, FISHER KANARIS, P.C., and for his complaint against John Foster ("Foster"), individually and as a police officer for the City of Chicago, Marchand Wright ("Wright"), individually and as a police officer for the City of Chicago, Lester Vaughan ("Vaughan"), individually and as a police officer for the City of Chicago, and Isaura Carmon ("Carmon"), individually and as a police officer for the City of Chicago, states as follows:

## NATURE OF CLAIM

1. This matter arises from a violation of Plaintiff's federal civil rights under the 4th and 14th Amendments of the Constitution in the "stop and frisk" of Plaintiff without reasonable suspicion and the subsequent arrest of Plaintiff without probable cause for his alleged participation in an armed robbery.

## THE PARTIES

2. On or about December 29, 2010, Plaintiff, Rashon Markell Pike, was an Illinois resident, living at or near 11929 S. Lowe St. in Chicago, Illinois. Plaintiff is currently incarcerated at Menard Correctional Center in Menard, Illinois.

3. On or about December 29, 2010 and at all times relevant, the Defendant, City of Chicago, was a municipal corporation in the County of Cook, State of Illinois.

4. On or about December 29, 2010, Defendant, City of Chicago, maintained a police department which employed police officers who acted as agents and employees of City of Chicago.

5. On or about December 29, 2010 and at all times relevant, the Defendant Foster was an agent and/or employee police officer of the Defendant City of Chicago.

6. On or about December 29, 2010 and at all times mentioned herein, Defendant Foster was acting within the scope of his agency and/or employment as a police officer with the City of Chicago.

7. On or about December 29, 2010 and at all times relevant, the Defendant Wright was an agent and/or employee police officer of the Defendant City of Chicago.

8. On or about December 29, 2010 and at all times mentioned herein, Defendant Wright was acting within the scope of his agency and/or employment as a police officer with the City of Chicago.

9. On or about December 29, 2010 and at all times relevant, the Defendant Vaughan was an agent and/or employee police officer of the Defendant City of Chicago.

10. On or about December 29, 2010 and at all times mentioned herein, Defendant Vaughan was acting within the scope of his agency and/or employment as a police officer with the City of Chicago.

11. On or about December 29, 2010 and at all times relevant, the Defendant Carmon was an agent and/or employee police officer of the Defendant City of Chicago.

12. On or about December 29, 2010 and at all times mentioned herein, Defendant Carmon was acting within the scope of his agency and/or employment as a police officer with the City of Chicago.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

14. Venue is proper in this District under 28 U.S.C. § 1391(e).

## UNLAWFUL SEARCH AND DETAINMENT

15. On or about December 29, 2010 at approximately 10:30 pm, three armed offenders robbed victim, Willie Creater of a bag containing two jackets and certain tools, outside his home, and attempted to burglarize his home. The offenders were described as black males, 5'9" in height, 170 pounds and 20-25 years old. The victim and his wife, Geraldine Taylor, reported that two of the offenders wrestled with Mr. Creater while the third offender unsuccessfully attempted to "jimmy" the house keys, left hanging from the keyhole, to open the front door.

16. On or about December 29, 2010, at or around 10:30 pm, Plaintiff left a friend's house at or near 405 W. Englewood, Chicago, Illinois to run an errand. He was walking towards the Chicago Transit Authority Red Line Station at 220 W. 64rd Street, Chicago, Illinois.

17. Defendants Wright, Vaughan and Carmon (the "Officers") were touring the aforementioned vicinity in a police car after being advised of a robbery incident that occurred at 418 W. Englewood, Chicago, Illinois and observed Plaintiff walking in the vicinity of 63rd and State Streets in Chicago, Illinois on his way to the aforementioned train station.

18. Defendant Officers continued driving and passed by Plaintiff. Shortly after, the Officers reappeared and again approached Plaintiff still merely walking down the street, exhibiting no

suspicious or peculiar behavior. This time, Defendant Officers stopped the car and directed him to stop. One of the Officers stepped out of the police car and aimed his weapon at Plaintiff, directing him to "get on the hood of the car." Plaintiff obliged and one of the Officers placed him in handcuffs.

19. Defendant Officers then performed an unlawful search of Plaintiff's body and clothing for weapons, the victims' house keys or other suspicious items.

20. At such time, Plaintiff was unarmed and was not carrying anything in his hands or his clothing.

21. Nevertheless, Plaintiff was unlawfully handcuffed and taken into custody in the backseat of the police car by the Defendant Officers.

22. Following the unlawful detention, Defendants drove Plaintiff to a nearby alley and attempted to match a boot print on the ground to the Plaintiff. In Plaintiff's subsequent criminal trial, the State offered no evidence of a matching boot print to that of Plaintiff.

23. After failing to match the boot print, Plaintiff was then placed back inside the police car and taken to 418 W. Englewood, Chicago, Illinois, home of the victims Willie Creater and Geraldine Taylor, where the incident had occurred.

24. Plaintiff was taken out of the police car and forced to participate in a "show-up" identification with two other men, his acquaintance Alchance Spearman, and the victim's nephew.

25. At all times relevant, Mr. Creater, who was approached by the offenders outside of home, clearly and unequivocally told the Defendant Officers that Plaintiff was not one of the offenders.

26. At all times relevant, the other victim, Geraldine Taylor, who was inside the home and was never face to face with the offenders, told the Defendant Officers that Plaintiff was one of the three offenders.

27. At all times relevant, no other persons were identified.

28. Based solely on the statement of Ms. Taylor, who was not outside with Mr. Creater or the offenders, Defendant remained in custody and was charged with armed robbery with a firearm, attempted residential burglary, four counts of aggravated unlawful use of a weapon, four counts of unlawful use of a weapon by a felon, armed habitual criminal and aggravated unlawful restraint.

29. Defendant John Foster arrived and conducted the investigation into the armed robbery.

30. During the investigation, a shotgun and a 9MM gun were recovered nearby at 6306 S. Parnell Street. There was no fingerprint analysis done on the weapons.

31. Given that the weapons were found in a different location than that of Plaintiff at the time of the stop and no fingerprint analysis was conducted, no evidence was recovered following the armed robbery connecting the Plaintiff to the weapons.

32. The victims further reported that the Plaintiff attempted to burglarize the home by "jimmying" the keys and lock on the entry door of their home.

33. There was no fingerprint analysis done on the entry door of the home to place Plaintiff at the crime scene.

34. A DNA test was conducted from DNA found on the recovered weapons and the results were inconclusive. The profile extracted from the handgun was consistent with one in every two unrelated African-American, Caucasian and Hispanic males.

35. Despite the unlawful detainment, search and arrest of Plaintiff on the date of the incident, and the lack of evidence connecting Plaintiff to the crimes, Plaintiff was arrested and taken into police custody. He was subsequently tried and convicted of armed robbery and attempted residential burglary after a jury trial at which he represented himself. On August 6, 2012, he was sentenced to concurrent prison terms of 35 and 20 years, respectively.

## COUNT I

### Federal Civil Rights Claim Under 42 U.S.C. § 1983 and § 1988

36. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1-32 of this Complaint as if fully set forth in Paragraph 33 of Count I.

37. The aforementioned actions of the Defendants Wright, Vaughan and Carmon in the unreasonable search of Plaintiff were in violation of Plaintiff's right under the Fourth Amendment of the United States Constitution against unreasonable search and seizure and under the Fourteenth Amendment of the United States Constitution to due process of law

38. The aforementioned actions of Defendants Wright, Vaughan, and Carmon in arresting Plaintiff prior to the positive show-up identification, without probable cause, were in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution against unreasonable search and seizure and arbitrary arrest and under the Fourteenth Amendment of the United States Constitution to due process of law.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff, Rashon Markell Pike seeks the following relief against the Defendants Foster, Wright, Vaughn and Carmon: (a) compensatory and punitive damages commensurate with the loss of liberty of Plaintiff, (b) attorney's fees and costs pursuant to 42 U.S.C. §1988 and (c) any other relief this Court deems necessary and proper.

Respectfully submitted,


/s/ Peter E. Kanaris
One of Plaintiff's Attorneys

Peter E. Kanaris #6190705
Melissa A. Blankinship #6292406
FISHER KANARIS, P.C.
Attorneys for Plaintiff
200 S. Wacker Drive, 22nd Floor
Chicago, Illinois 60606