**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Rashon Markell Pike | ) | |
| | ) | |
| Plaintiff, | ) | NO. 12 C 0094 |
| | ) | |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| John Foster, et al., | ) | Magistrate Nan R. Nolan |
| | ) | |
| Defendants. | ) | Jury Demanded |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56.1
STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Defendant Chicago Police Officers Lester Vaughn, Marchand Wright, Isaura Carmona ("the Officers"), and John Foster ("Detective Foster"), by and through one of their attorneys, Julian Johnson, Assistant Corporation Counsel for the City of Chicago, submit their reply to Plaintiff's response to their statement of material facts pursuant to Local Rule 56.1(a)(3) of the United States District Court for the Northern District of Illinois.

**PARTIES, COMPLAINT, JURISDICTION, AND VENUE**

1.      On August 7, 2015, Plaintiff filed his Amended Complaint alleging the Defendants violated his constitutional rights. *See generally* Plaintiff's Amended Complaint ("Complaint"), Docket Number 58. Plaintiff alleges the Defendants violated his Fourth Amendment rights during an incident occurring on December 29, 2010. *Id.*at ¶¶ 36-38.

**Response:**      Undisputed.

**Defendant's Reply: No reply necessary as Plaintiff admits Def. 56.1 ¶ 1.**

2.      Plaintiff brings this lawsuit under the laws of the United States.  The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.  Venue is proper in this district pursuant to 28 U.S.C. §1319(e). *Id.* at ¶ 13.

**Response:**      Undisputed.

**Defendant's Reply: No reply necessary as Plaintiff admits Def. 56.1 ¶ 2.**

3.      Defendants Lester Vaughn, Marchand Wright, Isaura Carmona and John Foster are police officers employed by the City of Chicago acting in the scope of their employment during the time of the events in question.  *Id.* at ¶¶ 4-12.

**Response:**      Undisputed.

**Defendant's Reply: No reply necessary. Def. 56.1 ¶ 3 is admitted.**

4.      Plaintiff was living in Chicago, Illinois at the time of the incident surrounding this lawsuit.  *See* Attached Exhibit A (Plaintiff Rashon Pike's Deposition) at 8:3-5.

**Response:**      Undisputed.

**Defendant's Reply: No reply necessary as Plaintiff admits Def. 56.1 ¶ 4.**

5.      Defendant Vaughn has been a member of the Chicago Police Department for over nine years.  *See* Attached Exhibit B (Defendant Lester Vaughn's Deposition) at 8:14-23.

**Response:**      Mr. Pike does not dispute that Defendant Vaughn is a member of the Chicago Police Department and, currently, has been a member of the Chicago Police Department for over nine years. However, it also is undisputed that, as of the date of the subject event, December 29, 2010, Defendant Vaughn had only been a Chicago Police Officer for approximately four (4) years. (Defendants' Exhibit B, Vaughn Deposition, p. 8;8-10).

2

**Defendant's Reply: Plaintiff has not disputed the facts contained in this paragraph, so they should be deemed admitted.**

6.      Defendant Wright has been a member of the Chicago Police Department for over eight years.  *See* Attached Exhibit C (Defendant Marchand Wright's Deposition) at 8:1-10.

**Response:**      Mr. Pike does not dispute that Defendant Wright is a member of the Chicago Police Department and, currently, has been a member of the Chicago Police Department over eight years. However, it also is undisputed that, as of the date of the subject event, December 29, 2010, Defendant Wright had only been a Chicago Police Officer for approximately three and one half (3 ½) years. (Defendants' Exhibit C, Wright Deposition, p. 8;1-3).

**Defendant's Reply:   Plaintiff has not disputed the facts contained in this paragraph, so they should be deemed admitted.**

7.      Defendant Carmona has been a member of the Chicago Police Department for over eight years.  *See* Attached Exhibit D (Defendant Isaura Carmona's Deposition ) at 7:21-22.

**Response:**      Mr. Pike does not dispute that Defendant Carmona is a member of the Chicago Police Department and, currently, has been a member of the Chicago Police Department over eight years. However, it also is undisputed that, as of the date of the subject event, December 29, 2010, Defendant Carmona had only been a Chicago Police Officer for approximately three and one half (3 ½) years. (Defendants' Exhibit D, Carmona Deposition, p. 7;12-15).

**Defendant's Reply: Plaintiff has not disputed the facts contained in this paragraph, so they should be deemed admitted.**

8.      Defendant Foster has been a member of the Chicago Police Department for over 23 years.  *See* Attached Exhibit E (Defendant John Foster's Deposition) at 8:2-9.

**Response:**     Mr. Pike does not dispute that Defendant Foster is a member of the Chicago Police Department and that, as of the filing of his motion for summary judgment, has been a member of the Chicago Police Department for over eight years. However, it also is undisputed that, as of the date of the subject event, December 29, 2010, Defendant Foster had only been a Chicago Police Officer for approximately eighteen (18) years. (Defendants' Exhibit E, Foster Deposition, p. 8;2-7).

**Defendant's Reply:   Plaintiff has not disputed the facts contained in this paragraph, so they should be deemed admitted.**

### PLAINTFF ATTEMPTS TO ROB THE CREATORS AT GUNPOINT AND ENTER THEIR HOME

9.     On  the evening of December 29, 2010, Willie Creator picked his wife, Geraldine Taylor Creator, up from her job and drove to get a takeout pizza after which they drove to their home at 418 West Englewood.  *See* Attached Exhibit F (June 12, 2012 Criminal Trial Testimony of Willie Creator, Circuit Court of Cook County, Case #11 CR 01487) at 18:20-21, 20:19-24, 21:7-11; *See also* Attached Exhibit G (June 12, 2012 Criminal Trial Testimony of Geraldine Taylor Creator) at 48:12-15, 49:5-16.

**Response:**     The statements of fact contained in this Paragraph are irrelevant and immaterial to the issues currently before the Court – i.e. whether Defendants had reasonable suspicion to stop Mr. Pike when they did on December 29, 2010, had reasonable suspicion and/or probable cause to search Mr. Pike when they did, and whether they had probable cause to arrest Mr. Pike when they did by detaining, handcuffing and transporting him to another location for a show up identification. Moreover, any probative value added by these facts is outweighed by the patently unfair prejudice that would result to Mr. Pike and is, therefore, inadmissible. *Thompson v.*

*Martin*, 2011 WL 1938169, at *3 (N.D. Ind. May 20, 2011)(citing *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992)).

It is undisputed that, at the time Defendants Vaughn, Wright and Carmona stopped Mr. Pike, the only facts known to them was that a robbery had occurred at 418 West Englewood and that three armed black males wearing dark clothing were seen running westbound from that location. (Defendants' Exhibit B, p. 17;12-15; Defendants' Exhibit C, p. 19;14-18; Defendants' Exhibit D, p. 16;21 – 17;18). The law is clear that the inquiry of whether the officers had reasonable suspicion or probable cause is confined to the facts known to the officers at the time of the seizure. *United States v. Harris*, 218 Fed. Appx. 525, 528 (7th Cir. 2007). Although the test for reasonable suspicion broadly requires consideration of "the whole picture" presented to the officers, "it is limited to the moment at which the seizure occurred and thus excludes any facts learned thereafter." *United States v. Odum*, 72 F.3d 1279, 1284 (7th Cir. 1995). As stated by the Seventh Circuit, later-learned facts are not part of the "snapshot" presented to the officer at the time of the seizure and are therefore "irrelevant to the reasonable suspicion equation." *Id.*

Because the facts contained within this Paragraph were not within Defendants Vaughn, Wright and Carmona's knowledge at the time of their stop and seizure of Mr. Pike, they cannot be considered even at the summary judgment stage. *Ochana v Flores*, 347 F3d 266, 272 (7th Cir 2003). *See also United States v. Ienco*, 182 F.3d 517, 524 (7th Cir. 1999) and *United States v. Griffin*, 884 F. Supp. 2d 767, 775 (E.D. Wis. 2012). Consequently, the factual allegations of this Paragraph should be stricken from the record and not considered by the Court in deciding Defendants' Motion for Summary Judgment.

**Defendant's Reply: Defendants' object to Plaintiff not following the requirements of Local Rule 56.1(b)(3) in that the nonmovants' response to the movants' response should be**

5

**concise. Plaintiff has not disputed the facts contained in this paragraph, so they should be deemed admitted. Furthermore, aside from stating that Plaintiff believes the statement to be irrelevant, Plaintiff does not admit or deny the statement. Even if it is irrelevant, it does not excuse the nonmoving party from agreeing or denying the allegation and this Court should strike Plaintiff's response.** *See Ammons v. Aramark Unif. Servs., Inc*., **368 F.3d 809, 818 (7th Cir. 2004).**

10.     It had been snowing and there was a lot of snow on the ground so Mrs. Creator, who was driving, pulled the car into their driveway, got out of the car, opened the gate and went inside of the house while Mr. Creator went to park the car in front of the home.  Exh. F at 22:6-23,  23:3-20; & Exh. G at 50:1-13.

**Response:**     Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

11.     As Mr. Creator was getting out of his vehicle, he saw a group of men across the street looking in his direction.  The men approached fast and thereafter, one of the men, the Plaintiff, ran into Mr. Creator's gate with a gun.  Exh. F at 24:7-24, 25:1-22, 26:9-21.

**Response:**     Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates

by reference his response, dispute and objections from Paragraph 9 as though fully and

specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his**

**response to this paragraph, Defendants hereby incorporate their response to paragraph 9**

**for their response to this paragraph as if fully set forth herein.**


12.     The Plaintiff, wearing dark clothing, told Mr. Creator to get up the stairs or he would kill
Mr. Creator.  The other two men thereafter ran inside of Mr. Creator's gate with a shotgun and
another handgun.  *Id.* at 26:22-24, 27:1-14, 39:18-23.

 **Response:**     Mr. Pike responds, disputes and objects to the statement(s) of fact in this

Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates

by reference his response, dispute and objections from Paragraph 9 as though fully and

specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his**

**response to this paragraph, Defendants hereby incorporate their response to paragraph 9**

**for their response to this paragraph as if fully set forth herein.**

13.     The two men proceeded to push Mr. Creator up the stairs from behind with their guns
while the Plaintiff ran up the stairs and attempted to open the door with the key that Mrs. Creator
left in the keyhole.  *Id.* at 27:15-22, 28:19-24, 29:4-21.

**Response:**     Mr. Pike responds, disputes and objects to the statement(s) of fact in this

Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates

by reference his response, dispute and objections from Paragraph 9 as though fully and

specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

14.    Mr. Creator pleaded with the Plaintiff and the other two men to stop what they were doing. He yelled loudly in an effort to warn Mrs. Creator to close the door. *Id*. at 28:5-15.

**Response:**    Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

15.    Inside the home, Mrs. Creator heard her husband screaming and ran to the door where she saw two men with guns behind her husband and the Plaintiff standing on the porch attempting to open the door with the key. Exh. G at 55:8-24, 56:1-24, 57: 6-24.

**Response:**    Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

16.    Mrs. Creator called 911 and held the door at the same time while the Plaintiff attempted to push his way into the home. *Id*. at 57:2-5, 58:6-15.

**Response:** Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

17. On the outside of the home, Mr. Creator continued to fight with the men attempting to push him up the stairs. Realizing the robbery was taking longer than planned, the two men ran westbound down Englewood. Exh. F at 30:10-24, 31:1-3; & Exh. G at 59:10-19.

**Response:** Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

18. After realizing that his co-perpetrators left him behind, Plaintiff turned from the door, stole Mr. Creator's bag containing coats for homeless children and ran westbound with his gun. Exh. F at 31:4-17; & Exh. G at 59:17-24, 60:1-2.

**Response:** Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

19.     After Plaintiff fled from the home, Mr. Creator got back into his vehicle and drove to look for a police officer to report what just occurred.  Exh. F at 31:12-17.

**Response:**     Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

20.     Mr. Creator located a police officer as soon as he turned the block from his home where he proceeded to relay what happened.  Exh. F at 31:20-24, 32:1-16.

**Response:** Mr. Pike responds, disputes and objects to the statement(s) of fact in this Paragraph as he did in response to Defendants' Paragraph 9. Mr. Pike reasserts and incorporates by reference his response, dispute and objections from Paragraph 9 as though fully and specifically stated and expressed herein.

**Defendant's Reply: Because Plaintiff has incorporated his response to paragraph 9 for his response to this paragraph, Defendants hereby incorporate their response to paragraph 9 for their response to this paragraph as if fully set forth herein.**

10

## PLAINTIFF ENCOUNTERS VAUGHN, WRIGHT & CARMONA AFTER FLEEING

21.     On December 29, 2010, Officers Vaughn, Wright, and Carmona were riding in an unmarked Chicago police squad car.  Exh. B at 17:1-8; Exh. C at 14:12-20; & Exh. D at 15:19-

[1]**Defendant's Reply: No reply necessary as Plaintiff does not respond to this paragraph.**

22.     Officer Wright was driving, Officer Vaughn was in the front passenger seat and Officer Carmona sat in the back of the car.  Exh. B at 18:22-24, 19:1-5; Exh. C at 16:12-13; & Exh. D at19:13-18.

**Response:** Undisputed.

**Defendant's Reply: No reply necessary. Def. 56.1 ¶ 22 is admitted.**

23.     While in the car together, Officers Vaughn, Carmona, and Wright heard a flash message come across their police radio reporting a robbery that just occurred on 418 West Englewood. Exh. B at 16:19-20; Exh. C at 14:21-23; & Exh. D at 16:21-22.

**Response:** Undisputed.

**Defendant's Reply: No reply necessary. Def. 56.1 ¶ 23 is admitted.**

24.      The flash message put out a description of the suspects as being three armed Black males wearing dark clothing, running westbound from the Creator's home.  Exh. B at 17:12-13; Exh. C at 15:1-15; & Exh. D at 16:23-24, 17:1-10.

**Response:** Undisputed that the flash message put out a description of the suspects as being three armed Black males wearing dark clothing, running westbound from 418 west Englewood. It is further undisputed that this was the only information Defendants Vaughn, Wright and Carmona

---

[1] It appears that Plaintiff combined paragraphs 21 and 22 into one paragraph. The numbering is therefore off by one number in terms of Defendants replies to Plaintiff's responses.

had at the time and that Defendant Carmona admitted that the information was vague.

(Defendants' Exhibit D, p. 16;10-14).

**Defendant's Reply: Plaintiff does not dispute the contents of this paragraph. It should therefore be admitted. Furthermore, Plaintiff's response about Officer Carmona admitting the flash message was vague is unsupported by the portion of Defendant Carmona's deposition cited by Plaintiff. This portion of Plaintiff's response should therefore be stricken.**

25.     Already in close proximity, Officers Wright, Carmona, and Vaughn drove in the direction of the victims' home looking for persons matching the description given when Officers Carmona and Vaughn observed the Plaintiff, wearing dark clothing, running at top speed on Parnell Street. Exh. B at 18:1-4, 18-21, 19:6-13, 17-19, 20:7-10; Exh. C at 16:1-21, 17:12-14; Exh. D at 19:5-9, 20-23, 20:1-2, 12-17; & Exh. H (Original Case Incident Report) at page 4.

**Response:**     Mr. Pike does not dispute that Defendants Vaughn, Wright and Carmona were looking for persons matching the admittedly vague description given by the "flash message" and that Defendants Vaughn and Carmona observed Mr. Pike, wearing dark clothing and running on Parnell Street. Mr. Pike objects to the speculative and subjective statement that Mr. Pike was running "at top speed." It cannot be disputed that Defendants Vaughn, Wright and Carmona have no personal knowledge of how fast Mr. Pike can in fact run and the Defendant officers' subjective beliefs are not relevant. *Ochana v Flores*, 347 F3d 266, 272 (7th Cir 2003)(citing *Whren v. United States,* 517 U.S. 806, 813 (1996)). Consequently, the speculative and subjective assertion that Mr. Pike was running "at top speed" should be stricken from the record and not considered by the Court in deciding Defendants' Motion for Summary Judgment.

By way of further response, it is undisputed Mr. Pike was observed running north on Parnell street towards 63rd. (Defendants' Exhibit B, p. 18; Defendants' Exhibit D, p. 19;22-23;

Defendants' Exhibit H, FCRL000035), which was heading in the direction of the reported crime, not away from it. (Pike Exhibit 1).

**Defendant's Reply: Defendants object as Plaintiff's response is self-serving, belied by the record, and not supported by references to the record or any other supporting material as required by LR56.1(b)(3)(B). Furthermore, "it is inappropriate for a non-movant to include additional facts, meaning facts extraneous to the substance of the paragraph to which the non-movant is responding, in a Local Rule 56.1(b)(3)(B) response." *Johnson v. Cnty. of Cook*, No. 08 C 2139, 2012 WL 2905485, at \*12 (N.D. Ill. July 16, 2012). Additionally, Plaintiff's statement that Mr. Pike was running in the direction of the crime is unsupported by the record. Mr. Pike never stated this in his deposition nor were the Defendant Officers ever questioned about the course of Plaintiff's flight after he attempted to rob the Creators. This response is the first time this allegation has been made. It is also misleading and a mischaracterization of the evidence. Plaintiff was seen running northbound on Parnell from 63rd Place when the Officers saw him not north on Parnell. Exh. H, Original Case Incident report. As such, Plaintiff's legal arguments and additional facts contained in Plaintiff's response should be stricken and the remaining deemed admitted as undisputed.**

26.     Finding it suspicious that Plaintiff was in close proximity to the victims' home, running at top speed in the dead of winter with snow on the ground and matching the description given in the flash message, Officer Wright made a u-turn and drove back towards Plaintiff with the purpose of stopping him.  Exh. A at 27:3-4; Exh. B at 19:7-13, 20: 7-10; Exh. C at 16:16-21, 19:1-7; & Exh. D at 22:18-24, 23:1-3.

**Response:**      Mr. Pike does not dispute that Defendant Wright made a u-turn and drove back towards him with the purpose of stopping Mr. Pike. Mr. Pike objects to the remaining factual allegations contained in this Paragraph as speculative and the subjective belief of the Defendant officers, which are not relevant. *Ochana v Flores*, 347 F3d 266, 272 (7th Cir 2003)(citing *Whren v. United States,* 517 U.S. 806, 813 (1996)). Consequently, the speculative and subjective assertions should be stricken from the record and not considered by the Court in deciding Defendants' Motion for Summary Judgment. By way of further response, it is undisputed Mr. Pike was observed running north on Parnell street towards 63rd. (Defendants' Exhibit B, p. 18; Defendants' Exhibit D, p. 19;22-23; Defendants' Exhibit H, FCRL000035), which was heading in the direction of the reported crime, not away from it. (Pike Exhibit 1).

**Defendant's Reply: Defendants object to Plaintiff's use of legal argument and adding of additional facts to his response as it is inappropriate.  *See* Defendants reply to Plaintiff's response to ¶25.  The Officers' suspicions about Plaintiff being involved in a crime are not subjective and speculative assertions but rather the sole basis for them making a u-turn and engaging Mr. Pike. Therefore, Plaintiff's legal arguments and additional facts should be stricken from his response and the remaining deemed admitted as undisputed.**


27.      Officer Wright stopped the vehicle next to Plaintiff, who was now walking, but later suddenly "froze" when Officer Vaughn, approached him.  Exh. C at 17:1-8; & Exh. D at 21:11-19.

**Response:**      Mr. Pike does not dispute that he was walking and that he stopped and was still when the armed police officers approached him in the dark and ordered him to stop.

      Q: So the officers drive past you, and they stop?
      A: Yes.

Q: What do you do when you see the Officers? Do you keep running or do you stop?
A: I stop.
Q: Okay. All right. And do they get - - do they stop their cars and get out and walk back, or what - - what do they do?
A: One of them gest out. he draws his service revolver and tells me to stop, which I had already did. They approach me; they handcuff me.

(Pike Exhibit 2, Pike Deposition, p. 32;18 – 33;5).

**Defendant's Reply: No reply necessary as Plaintiff does not dispute this paragraph.**

**Defendants' 56.1 ¶ 27 should therefore be admitted.**

<u>**PLAINTIFF ADMITS HE WAS RUNNING WHEN HE ENCOUNTERED THE OFFICERS**</u>

28.     Plaintiff admits that when he encountered Officers Vaughn, Wright, and Carmona he was running in an effort to get away from police.  Exh. A at 27:16-18, 28:9-24, 29:1-5.

**Response:**     The statements of fact contained in this Paragraph are irrelevant and immaterial to the issues currently before the Court and unfairly prejudicial to Mr. Pike's claim. The law is clear that the inquiry of whether the officers had reasonable suspicion or probable cause is confined to the facts known to the officers at the time of the seizure. United States v. Harris, 218 Fed. Appx. 525, 528 (7th Cir. 2007). It is undisputed that, at the time Defendants Vaughn, Wright and Carmona stopped Mr. Pike, the only facts known to them was that a robbery had occurred at 418 West Englewood and that three armed black males wearing dark clothing were seen running westbound from that location. (Defendants' Exhibit B, p. 17;12-15; Defendants' Exhibit C, p. 19;14-18; Defendants' Exhibit D, p. 16;21 – 17;18). It is undisputed Mr. Pike was seen running north on Parnell street towards 63rd when observed by Defendants Vaughn and Carmona (Defendants' Exhibit B, p. 18; Defendants' Exhibit D, p. 19;22-23; Defendants' Exhibit H, FCRL000035), which was heading in the direction of the reported crime, not away from it. (Pike Exhibit 1). It is undisputed that Mr. Pike was alone when observed by Defendants. (Defendants'

Exhibit C, p. 17;9-11). Defendant Vaughn testified that, when he and Carmona stopped Mr. Pike, he has no recollection of any discussion with Mr. Pike (Defendants' Exhibit B, p. 19;23 – 20;4) and Defendant Carmona testified she did not communicate with Mr. Pike at any time. (Defendants' Exhibit D, p. 21;20-22 and 27;17-23).

Because the facts contained within this Paragraph were not within Defendants Vaughn, Wright and Carmona's knowledge at the time of their stop and seizure of Mr. Pike, they cannot be considered even at the summary judgment stage. *Ochana v Flores*, 347 F3d 266, 272 (7th Cir 2003). *See also United States v. Ienco*, 182 F.3d 517, 524 (7th Cir. 1999) and United States v. Griffin, 884 F. Supp. 2d 767, 775 (E.D. Wis. 2012). Consequently, the factual allegations of this Paragraph should be stricken from the record and not considered by the Court in deciding Defendants' Motion for Summary Judgment.

To the extent the Court deems these facts relevant, Mr. Pike disputes the factual allegations of the Paragraph as they are an incomplete and biased recitation of Mr. Pike's testimony. Mr. Pike testified that he had not done anything wrong, but he was on parole and did not like to be associated with police. Mr. Pike heard sirens and saw a siren through the alley; his instincts took over and he just ran. Defendants' Exhibit A, p. 29. It is further undisputed that Mr. Pike was not running when the Defendants approached him and that he did not attempt to flee.

**Defendant's Reply: Defendants object as Plaintiff improperly makes legal argument and injects new facts into his response. Furthermore, Plaintiff attempts to run away from his own testimony.  Mr. Pike admits that he ran because he had a fear that police were going to stop him.  *See* Def. Exh. A, Rashon Pike Deposition, 27:16-18 & 29:18-20. Whether or not Plaintiff believes the allegations contained in this paragraph are relevant is not an issue for responding to a Rule 56.1 statement.  Even if they are irrelevant, it does not excuse the**

**nonmoving party from agreeing or denying the allegations and this Court should strike**

**Plaintiff's response.** *See Ammons v. Aramark Unif. Servs.*, **Inc., 368 F.3d 809, 818 (7th Cir.**

**2004).**

29.     He was also wearing a black hoodie at the time he encountered the Officers.  *Id*. at 30:14-17.

**Response:**     Mr. Pike does not dispute that on the evening in question he was wearing blue

jeans, a black hoodie and brown timberland boots. (Defendants' Exhibit A, p. 30).

**Defendant's Reply: Defendants object to the extent Plaintiff attempts to inject new facts**

**into his response. Plaintiff's response should be deemed admitted as he does not dispute ¶**

**29.**

30.     When Plaintiff saw Officers Vaughn, Wright and Carmona drive pass him, he stopped running.  Exh. A at 32:18-23.

**Response:**     Mr. Pike does not dispute that he was not running when the Defendants

approached him and that he did not attempt to flee.

**Defendant's Reply: Defendants object to Plaintiff attempting to inject new facts into his**

**response. Plaintiff's response should therefore be deemed admitted as he does not dispute ¶**

**30.**

## OFFICER VAUGHN PERFORMS A PROTECTIVE PATDOWN OF PLAINTIFF

31.     Officers Carmona, Wright, and Vaughn exited their vehicle.  In light of the recently reported attempted armed robbery and the possibility that Plaintiff could be armed, Officer Vaughn approached Plaintiff to conduct a protective patdown of his outer garments.  Exh. B at 19:20-21, 20:22-24, 21:6-17, 22:14-18; & Exh. C at 18:2-5.

**Response:** Mr. Pike does not dispute that Defendants Vaughn, Wright and Carmona exited their

vehicle. The remaining factual statements in this Paragraph are disputed. Officer Vaughn did not

perform a protective pat-down of Mr. Pike. Mr. Pike was searched numerous times for three or four minutes. (Pike Exhibit 2, Pike Deposition, p. 42;13; p. 44;4-8; p. 45;23-24). The Defendants searched Mr. Pike's pants pockets and made him turn out his pants pockets. (Id., p. 43). The Defendants search Mr. Pike's sweatshirt pockets. (Id.). The Defendants lifted up Mr. Pike's pants and shook Mr. Pike's pants. (Id.). The Defendants did all of this numerous times. (Id.).

**Defendant's Reply: Defendant's object to Plaintiff's attempt to characterize Officer's Vaughn's encounter with Mr. Pike as a full search. Without offering legal argument here, Officer Vaughn and Plaintiff both testified that a protective patdown was conducted of Mr. Pike's outer garments. *See* Def. Exh. A, Rashon Pike Deposition, 43:3-21 & Def. Exh. B, Officer Vaughn Deposition, 20:22-24 & 22:14-18. Plaintiff's continued reference to the length of time of the patdown and the number of times the patdown was conducted does not negate that it was a patdown and it only involved Mr. Pike's outer garments. Additionally, Plaintiff does not respond to the fact that the patdown was performed in light of a concern that Mr. Pike could be armed. Because Plaintiff does not dispute that only outer garments were the subject of the protective patdown and he fails to respond to the reason for the patdown, ¶ 31 should be admitted in full.**


32.     The protective patdown was brief and no weapon was recovered on Plaintiff's person. Exh. B at 21:16-24, 22:1-7;  Exh. C at  20:8-10; & Exh. D at 22:14-15.

**Response:**     Mr. Pike disputes that there was a brief pat-down. Mr. Pike was searched numerous times for three or four minutes. (Pike Exhibit 2, p. 42;13; p. 44;4-8; p. 45;23-24). The Defendants searched Mr. Pike's pants pockets and made him turn out his pants pockets. (Id., p. 43). The Defendants search Mr. Pike's sweatshirt pockets. (Id.). The Defendants lifted up Mr.

Pike's pants and shook Mr. Pike's pants. (Id.). The Defendants did all of this numerous times. (Id.).

It is undisputed that, following this unlawful search of Mr. Pike, no weapons, keys or anything was found on Mr. Pike's person. (Defendants' Exhibit B, p. 21;24 – 22;7; Defendants' Exhibit C, p. 18;6-8; Defendants' Exhibit D, p. 22;7-13; Pike Exhibit 3, Wright Deposition, p. 34;3-9).

**Defendant's Reply: Defendants object to Plaintiff making arguments about the lawfulness of the protective patdown. Plaintiff attempts to argue in his response that the encounter was not brief by arguing that Plaintiff's recollection of the duration of the patdown negates the fact that the patdown did not last for a lengthy period of time. Paragraph 32 should therefore be admitted as undisputed.**

### PLAINTIFF ADMITS ONLY HIS OUTER GARMENTS WERE SEARCHED

33.     Plaintiff admits that Officer Vaughn conducted the patdown by going in his pants pockets and checking his outer garments. Exh. A at 43:3-21, 49:12-15.

**Response:**     Disputed. Mr. Pike testified that Defendant Vaughn did not pat him down, but searched him numerous times for three or four minutes. (Pike Exhibit 2, p. 42;13; p. 44;4-8; p. 45;23-24).

**Defendant's Reply: Defendants object to Plaintiff's continued attempt to mischaracterize the nature of the patdown as a full and invasive search. Plaintiff admits that Officer Vaughn did go into the pockets of his pants and outer garments pockets for weapons. Therefore, Plaintiff does not dispute ¶33 and it should be deemed admitted.**

### PLAINTIFF IS DETAINED FOR A SHOWUP IDENTIFICATION

34.     After conducting the protective patdown of Plaintiff, he was placed in the vehicle with Officers Vaughn, Wright, and Carmona and detained for a showup identification with the victims.  Exh. B at 22:20-22; Exh. C at 18:4-5; & Exh. D at 23:15-21.  Plaintiff was not under arrest at this point. Exh. B at 45:18-21.

**Response:**     Disputed. It is undisputed that, at the time Defendants Vaughn, Wright and

Carmona stopped Mr. Pike, the only facts known to them was that a robbery had occurred at 418

West Englewood and that three armed black males wearing dark clothing were seen running

westbound from that location. (Defendants' Exhibit B, p. 17;12-15; Defendants' Exhibit C, p.

19;14-18; Defendants' Exhibit D, p. 16;21 – 17;18). Defendants Vaughn, Wright and Carmona

had no reasonable suspicion to stop Mr. Pike. Mr. Pike was seen by Defendants alone

(Defendants' Exhibit C, p. 17;9-11), not with two other individuals. Mr. Pike was not running

westbound on Englewood. It is undisputed Mr. Pike was seen running north on Parnell street

towards 63rd when observed by Defendants Vaughn and Carmona (Defendants' Exhibit B, p. 18;

Defendants' Exhibit D, p. 19;22-23; Defendants' Exhibit H, FCRL000035), which was heading

in the direction of the reported crime, not away from it. (Pike Exhibit 1). Notwithstanding the

fact Mr. Pike was alone and heading towards the crime scene, according to Defendants, Mr. Pike

was stopped because he was a black male wearing dark clothing – "that was it." (Defendants'

Exhibit B, p. 20; 15-18). See also Defendants' Exhibit D, p. 22;19-22.

     After being improperly stopped by Defendants Vaughn, Wright and Carmona, Mr. Pike

was not patted down, but was subjected to an unlawful search of his person. Mr. Pike was

searched numerous times for three or four minutes. (Pike Exhibit 2, p. 42;13; p. 44;4-8; p. 45;23-

24). The Defendants searched Mr. Pike's pants pockets and made him turn out his pants pockets.

(Id., p. 43). The Defendants search Mr. Pike's sweatshirt pockets. (Id.). The Defendants lifted up

Mr. Pike's pants and shook Mr. Pike's pants. (Id.). The Defendants did all of this numerous times. (Id.).

It is undisputed that, following this unlawful search of Mr. Pike, no weapons, keys or anything was found on Mr. Pike's person. (Defendants' Exhibit B, p. 21;24 – 22;7; Defendants' Exhibit C, p. 18;6-8; Defendants' Exhibit D, p. 22;7-13; Pike Exhibit 3, Wright Deposition, p. 34;3-9). It is also undisputed that, when Defendants Vaughn and Carmona stopped Mr. Pike, Defendant Vaughn has no recollection of any discussion with Mr. Pike (Defendants' Exhibit B, p. 19;23 – 20;4) and the other Defendants did not communicate with Mr. Pike at any time. (Defendants' Exhibit D, p. 21;20-22 and 27;17-23).

Mr. Pike was alone and heading in the direction of the alleged crime scene, and Defendant Wright acknowledged that running northbound on Parnell does not rise to reasonable suspicion. (Pike Exhibit 3, p. 36;24 – 37;2). After being improperly stopped and unlawfully searched, no weapons were found on his person, and the Defendants have no recollection of any questions asked of him. At that time, without any probable cause or even reasonable suspicion, Mr. Pike was placed under arrest, as it is undisputed that he was handcuffed, detained, placed in the back of a squad car and transported to another location. Defendants Wright and Carmona admitted that they had no probable cause to arrest Mr. Pike at the time he was handcuffed, detained, placed in the back of a squad car and transported to another location. (Pike Exhibit 4, Carmona Deposition, p. 33;11-15; Pike Exhibit 3, p. 34;19-22).

**Defendant's Reply: Defendants object as Plaintiff improperly makes legal argument and injects new facts into his response. Plaintiff attempts to run away from his own testimony. Mr. Pike admits that when he was placed in the vehicle he knew it was to see if the victims could identify him as one of the suspected persons involved in the attempted robbery. *See***

21

**Def. Exh. A, 42:3-6. Defendants also object to Plaintiff's continued use of the newly created fact that Plaintiff was running in the direction of the reported crime.** *See* **Defendants reply to Plaintiff's response to ¶25. Plaintiff's inappropriate argument should be stricken and this paragraph deemed admitted as Plaintiff has already conceded that the reason he was placed in the vehicle was for a show-up identification.**

35.     That night, the Officers were driving a police vehicle that did not include a protective barrier between the front and back passenger compartments. And as a result of Officer Carmona riding in the back seat, Plaintiff was handcuffed for the safety of the officers before being placed in the back of the police vehicle and taken to the victims' home for the showup identification. Exh. A at 57:3-11; Exh. B at 45:22-24, 46:1-11; Exh. C at 20:15-22; Exh. D at 23:22-24, 24:1-3.

**Response:**     Mr. Pike does not dispute that, after being improperly stopped and unlawfully searched, and no weapons being found on his person, he was seized, handcuffed, detained, placed in the back of a squad car and transported to another location. Mr. Pike cannot affirm or dispute the subjective mindset or intent of Defendants Vaughn and Carmona that is asserted in the remainder of this Paragraph.

**Defendant's Reply: Defendants object to Plaintiff's argument as it is inappropriate for a LR56.1(b)(3)(B) response. Because Plaintiff does not dispute ¶ 35, it should be admitted.**

<u>**PLAINTIFF ADMITS HE WAS NOT UNDER ARREST WHEN PLACED IN THE CAR FOR THE SHOWUP**</u>

36.     Plaintiff admits that after the protective patdown was conducted and he was handcuffed he was not under arrest and he was told that he was being taken for a showup with the victims. Exh. A at 42:2-6.

**Response:**     Disputed. Nowhere in the cited testimony does Mr. Pike admit, state or imply that he was not under arrest at that time or that he understood he was not under arrest at that time.

22

**Defendant's Reply: Plaintiff does admit that his understanding of why he was being put into the vehicle was to see if the victims could identify him.** *See* **Def. Exh. A, 42:5-6 ("[W]e got back up in the car. He say, we're going to see if the victims can identify him or not."). Plaintiff is attempting to steer away from his own testimony to make legal arguments. Because Plaintiff has admitted that he was being placed in the back of the police vehicle for the purposes of a show-up identification, this paragraph should be admitted over Plaintiff's legal argument.**

## PLAINTIFF IS POSITIVELY IDENTIFIED BY THE VICTIMS AND PLACED UNDER ARREST

37.     Once at the victims' home, a showup identification was conducted with Plaintiff and the victims and Plaintiff was positively identified as the person with the gun that attempted to enter their home. Exh. B at 25:3-10; Exh. C at 27:10-19; Exh. D at 26:17-19; Exh. F at 32: 18-24, 33:1-6; Exh. G at 62:3-13; & Exh. H at page 4.

**Response:**     The statements of fact contained in this Paragraph are irrelevant and immaterial to the issues currently before the Court – i.e. whether Defendants had reasonable suspicion to stop Mr. Pike when they did on December 29, 2010, had reasonable suspicion and/or probable cause to search Mr. Pike when they did, and whether they had probable cause to arrest Mr. Pike when they did by detaining, handcuffing and transporting him to another location for a show up identification. Moreover, any probative value added by these facts is outweighed by the patently unfair prejudice that would result to Mr. Pike and is, therefore, inadmissible. *Thompson v. Martin*, 2011 WL 1938169, at *3 (N.D. Ind. May 20, 2011)(citing *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992)).

It is undisputed that, at the time Defendants Vaughn, Wright and Carmona stopped Mr. Pike, the only facts known to them was that a robbery had occurred at 418 West Englewood and

23

that three armed black males wearing dark clothing were seen running westbound from that location. (Defendants' Exhibit B, p. 17;12-15; Defendants' Exhibit C, p. 19;14-18; Defendants' Exhibit D, p. 16;21 – 17;18). The law is clear that the inquiry of whether the officers had reasonable suspicion or probable cause is confined to the facts known to the officers at the time of the seizure. *United States v. Harris*, 218 Fed. Appx. 525, 528 (7th Cir. 2007). Although the test for reasonable suspicion broadly requires consideration of "the whole picture" presented to the officers, "it is limited to the moment at which the seizure occurred and thus excludes any facts learned thereafter." *United States v. Odum*, 72 F.3d 1279, 1284 (7th Cir. 1995). As stated by the Seventh Circuit, later-learned facts are not part of the "snapshot" presented to the officer at the time of the seizure and are therefore "irrelevant to the reasonable suspicion equation." *Id*.

Because the facts contained within this Paragraph were not within Defendants Vaughn, Wright and Carmona's knowledge at the time of their stop and seizure of Mr. Pike, they cannot be considered even at the summary judgment stage. *Ochana v Flores*, 347 F3d 266, 272 (7th Cir 2003). *See also United States v. Ienco*, 182 F.3d 517, 524 (7th Cir. 1999) and *United States v. Griffin*, 884 F. Supp. 2d 767, 775 (E.D. Wis. 2012). Consequently, the factual allegations of this Paragraph should be stricken from the record and not considered by the Court in deciding Defendants' Motion for Summary Judgment.

**Defendant's Reply: Defendants object to Plaintiff not following the requirements of Local Rule 56.1(b)(3) in that the nonmovants' response to the movants' response should be concise. Defendants also object to Plaintiff injecting legal arguments into his response. Plaintiff has not disputed the facts contained in this paragraph, so they should be deemed admitted. Furthermore, aside from stating that Plaintiff believes the statement to be irrelevant, Plaintiff does not admit or deny the statement. Even if it is irrelevant, it does**

24

**not excuse the nonmoving party from agreeing or denying the allegation and this Court**

**should strike Plaintiff's response.** *See Ammons v. Aramark Unif. Servs*., **Inc., 368 F.3d 809,**

**818 (7th Cir. 2004).**

38.     After being positively identified by the victims, Plaintiff was then placed under arrest, read his Miranda rights and transported to the 7th district police station for processing.  Exh. B at 26:7-13; Exh. C at 31: 4-15; & Exh. D at 27:13-16.

**Response:**      The statements of fact contained in this Paragraph are irrelevant and immaterial to

the issues currently before the Court – i.e. whether Defendants had reasonable suspicion to stop

Mr. Pike when they did on December 29, 2010, had reasonable suspicion and/or probable cause

to search Mr. Pike when they did, and whether they had probable cause to arrest Mr. Pike when

they did by detaining, handcuffing and transporting him to another location for a show up

identification. Moreover, any probative value added by these facts is outweighed by the patently

unfair prejudice that would result to Mr. Pike and is, therefore, inadmissible. *Thompson v.*

*Martin*, 2011 WL 1938169, at *3 (N.D. Ind. May 20, 2011)(citing *Gora v. Costa*, 971 F.2d 1325,

1331 (7th Cir. 1992)).

It is undisputed that, at the time Defendants Vaughn, Wright and Carmona stopped Mr.

Pike, the only facts known to them was that a robbery had occurred at 418 West Englewood and

that three armed black males wearing dark clothing were seen running westbound from that

location. (Defendants' Exhibit B, p. 17;12-15; Defendants' Exhibit C, p. 19;14-18; Defendants'

Exhibit D, p. 16;21 – 17;18). The law is clear that the inquiry of whether the officers had

reasonable suspicion or probable cause is confined to the facts known to the officers at the time

of the seizure. *United States v. Harris*, 218 Fed. Appx. 525, 528 (7th Cir. 2007). Although the

test for reasonable suspicion broadly requires consideration of "the whole picture" presented to

the officers, "it is limited to the moment at which the seizure occurred and thus excludes any facts learned thereafter." *United States v. Odum*, 72 F.3d 1279, 1284 (7th Cir. 1995). As stated by the Seventh Circuit, later-learned facts are not part of the "snapshot" presented to the officer at the time of the seizure and are therefore "irrelevant to the reasonable suspicion equation." *Id*.

Because the facts contained within this Paragraph were not within Defendants Vaughn, Wright and Carmona's knowledge at the time of their stop and seizure of Mr. Pike, they cannot be considered even at the summary judgment stage. *Ochana v Flores*, 347 F3d 266, 272 (7th Cir 2003). *See also United States v. Ienco*, 182 F.3d 517, 524 (7th Cir. 1999) and *United States v. Griffin*, 884 F. Supp. 2d 767, 775 (E.D. Wis. 2012). Consequently, the factual allegations of this Paragraph should be stricken from the record and not considered by the Court in deciding Defendants' Motion for Summary Judgment.

To the extent the Court deems these facts relevant, when in fact Mr. Pike was "placed under arrest" is a disputed material fact at the heart of the litigation. It is further undisputed that, according to Defendants, the only probable cause for placing Mr. Pike under arrest at any time was the identification by Mr. Creater. (Pike Exhibit 4, p. 33;11-15; Pike Exhibit 3, p. 34;19-22).

**Defendant's Reply: Defendants object to Plaintiff not following the requirements of Local Rule 56.1(b)(3) in that the nonmovants' response to the movants' response should be concise. Defendants also object to Plaintiff injecting legal arguments into his response. Plaintiff has not disputed the facts contained in this paragraph, so they should be deemed admitted. Furthermore, aside from stating that Plaintiff believes the statement to be irrelevant, Plaintiff does not admit or deny the statement. Even if it is irrelevant, it does not excuse the nonmoving party from agreeing or denying the allegation and this Court**

should strike Plaintiff's response. *See Ammons v. Aramark Unif. Servs*., Inc., 368 F.3d 809, 818 (7th Cir. 2004).

## DETECTIVE FOSTER WAS NOT PRESENT AT THE TIME PLAINTIFF WAS DETAINED

39.     Detective Foster had no involvement in the initial stop, protective patdown, and detainment for a showup identification of Plaintiff.  Exh. A at 48:15-19; Exh. E at 55:14-19; & Exh. H at page 4.  Detective Foster first encountered Plaintiff at the police station, after Plaintiff encountered the other three defendants. Exh. E at 20:17-24, 21:1-12, 22:3-14, 23:10-13.
40.

**Response:**      Undisputed.

**Defendant's Reply:  No reply necessary. Def. 56.1 ¶ 39 is admitted**

41.     According to Plaintiff, he is suing Detective Foster because Plaintiff blames him for his current incarcerated status.   Exh. A at 77:4-10.

**Response:**      Disputed. Defendant Foster interrogated Mr. Pike at the police station following his arrest and the factual allegation is not a complete and accurate recitation of the cited testimony.

**Defendant's Reply: Defendants object to this response. The questioning of Mr. Pike by Detective Foster and any interaction he had with Chicago Police Officers after his arrest are not at issue in this case or this summary judgment motion.  Whether or not Mr. Pike was questioned by Detective Foster does not negate the fact that Detective Foster was not involved of the initial stop of Plaintiff.  Furthermore, Plaintiff does admit that Detective Foster is only being sued because he blames him for his incarceration. When asked if he blamed the Officers, including Detective Foster for being incarcerated, Plaintiff said yes. *See* Def. Exh. A, 77:4-9. Plaintiff's response attempts to run away from Mr. Pike's testimony. This paragraph should therefore be deemed admitted over Plaintiff's objections.**

27

## PLAINTIFF WAS TRIED AND CONVICTED

42.     In April of 2012, Plaintiff was tried and convicted of armed robbery and residential burglary and subsequently sentenced to prison on August 6, 2012 to concurrent prison terms of 35 and 20 years.  *See* Attached Exhibit I (Certified Statement of Conviction).

**Response:**     The statements of fact contained in this Paragraph are irrelevant and immaterial to

the issues currently before the Court – i.e. whether Defendants had reasonable suspicion to stop

Mr. Pike when they did on December 29, 2010, had reasonable suspicion and/or probable cause

to search Mr. Pike when they did, and whether they had probable cause to arrest Mr. Pike when

they did by detaining, handcuffing and transporting him to another location for a show up

identification. Because the facts contained within this Paragraph were not within Defendants

Vaughn, Wright and Carmona's knowledge at the time of their stop and seizure of Mr. Pike, they

cannot be considered even at the summary judgment stage. *Ochana v Flores*, 347 F3d 266, 272

(7th Cir 2003). *See also United States v. Ienco*, 182 F.3d 517, 524 (7th Cir. 1999) and *United*

*States v. Griffin*, 884 F. Supp. 2d 767, 775 (E.D. Wis. 2012). Moreover, any probative value

added by these facts is outweighed by the patently unfair prejudice that would result to Mr. Pike

and is, therefore, inadmissible. *Thompson v. Martin*, 2011 WL 1938169, at *3 (N.D. Ind. May

20, 2011)(citing *Gora v. Costa*, 971 F.2d 1325, 1331 (7th Cir. 1992)). Consequently, the factual

allegations of this Paragraph should be stricken from the record and not considered by the Court

in deciding Defendants' Motion for Summary Judgment.

**Defendant's Reply:  Defendants object to Plaintiff injecting legal arguments into his**

**response.  Plaintiff has not disputed the facts contained in this paragraph, so they should be**

**deemed admitted. Furthermore, aside from stating that Plaintiff believes the statement to**

be irrelevant, Plaintiff does not admit or deny the statement.  Even if it is irrelevant, it does not excuse the nonmoving party from agreeing or denying the allegation and this Court should strike Plaintiff's response. *See Ammons v. Aramark Unif. Servs*., Inc., 368 F.3d 809, 818 (7th Cir. 2004).

DATED:         November 16, 2015                    Respectfully Submitted,

                                                    */s/ Julian Johnson*
                                                    Julian Johnson
                                                    Assistant Corporation Counsel
                                                    City of Chicago Department of Law
                                                    30 N. LaSalle Street, Suite 900
                                                    Chicago, Illinois 60602
                                                    T: 312-742-0333
                                                    F: 312-744-6566

## CERTIFICATE OF SERVICE

I, Julian Johnson, hereby certify that on November 16, 2015, I caused a copy **DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** to be served upon Plaintiff via the ECF filing system.

                                                    /s/ Julian Johnson
                                                    Julian Johnson

29